Spalding *against* Butts and another.

IN ERROR.

The statute limiting suits for the recovery of disallowed claims against the solvent estates of deceased persons, (*tit.* 32. *c.* 1. *s.* 18.) being a positive bar, founded on public policy, and not on a presumption of payment, is not satisfied, by the commencement, within the time limited, of a suit to recover the amount of the claim, in which the validity of the claim could not be tried.

The commencement of a suit takes place at the service of the writ in that suit.

Therefore, where an action of debt on a record of the county court, shewing an adjustment and liquidation of a conservator's account, made, on the application of his administrator, after his death, and finding a certain balance due from his estate, was brought within six months after notice of the disallowance of a claim for such balance, in which final judgment was rendered against the plaintiff ; it was held, in a subsequent action of account for the recovery of the same balance. brought after the expiration of the six months, that such action was barred by the statute.

This was an action of account in favour of *Mary Spalding*, against the defendants, as administrators of the estate of *Samuel Barstow*, deceased, stating, that said *Samuel Barstow* was, by the county court of *Windham* county, in *August*, 1785, appointed conservator of the estate of the plaintiff ; and that he thereupon received of her the sum of 590 dollars in money, together with sundry articles of household furniture and wearing apparel, which he used and occupied, and made great profit thereby, and undertook to render his reasonable account thereof to the plaintiff.   The defendants pleaded in bar the statute of limitations regarding claims against solvent estates of deceased per-

sons.   *Stat.* 204. *tit.* 32. *c.* 1. *s.* 18.   To this plea there was a replication, by the plaintiff; to which the defendants demurred.

The material facts stated in the pleadings, and admitted by the demurrer, were these.   The plaintiff being an idiot, the county court, in *August,* 1785, appointed *Samuel Barstow* her conservator, who accepted and held the trust until his death, in *July,* 1822, but rendered no account.   In *March,* 1823, upon application of the defendants, the county court adjusted his account, and found due to the plaintiff the sum of 326 dollars, 54 cents.   For this sum, the plaintiff, on the 4th of *August,* 1823, presented her claim to the defendants; who disallowed it, on the same day, and immediately notified the plaintiff thereof. The plaintiff then commenced an action of debt against the defendants, for the same sum of money, returnable to the county court, on the third *Tuesday* of *August,* 1823; which was appealed to the superior court, where the declaration was adjudged insufficient; and that judgment was affirmed, by this Court, in *July,* 1824. (*a*)   The plaintiff then commenced the present action, by a writ issued and served on the 2nd of *August,* 1824.

The superior court rendered judgment for the defendants; and the record, on motion of the plaintiff, was transmitted to this Court, for revision in error.

*Eaton* and *Judson,* for the plaintiff in error, contended, That a suit for the recovery of this claim, before a court competent to try the same, had been commenced, within six months after notice of the disallowance of such claim, had been given.   *Stat.* 204. *tit.* 32. *c.* 1. *s.* 18.   First, the *commencement* of a suit repels the presumption of negligence, and satisfies the statute. Secondly, the claim, for the recovery of which the first suit was brought, was the same claim—the same matter, cause and thing—as that on which the present action is founded.

*Goddard* and *Frost,* for the defendants, contended, 1. That to prevent the operation of the statute, a suit must be commenced within the time limited, in which the validity of the claim can be tried.   The object of the legislature was to bring to a speedy close the settlement of the estate.   But if the commencement of a fruitless suit, will satisfy the statute, this object will not be attained.

(*a*) See *Spalding* v. *Butts* & al. 5 *Conn. Rep.* 427.

*Windham,*
July,
1825.

Spalding
*v.*
Butts.

2. That in the suit first brought, the validity of the claim neither was, nor could be, tried. *5 Conn. Rep.* 427.

3. That the present action is not a *continuance* of the suit first brought. *Smith* v. *Bower,* 3 *Term Rep.* 662.

4. That the present action is not for the same matter, cause and thing as the first suit; this being an action of account, and that of debt on judgment.

PETERS, J. Two questions arise in this case. 1. Was this action commenced within six months after notice that the claim was disallowed? 2. Does the action previously commenced prevent the effect of the statute?

1. The time when an action is said to be commenced, varies according to the course of the court. In the *English Common Pleas*, it is the original writ. In the *King's Bench*, it may be the suing out of the *latitat*, or the filing of the bill. A *latitat* avoids the statute of limitations; but it must be continued until the time of trial. A discontinuance leaves the statute in force. *Foster* v. *Bonner, Cowp.* 454. *Smith* v. *Bower,* 3 *Term Rep.* 662. But in this state, the *service* of the writ is the commencement of the action. *Clark* v. *Helms,* 1 *Root* 486. *Holdridge* v. *Wells,* 4 *Conn. Rep.* 151. n. *Jencks* v. *Phelps,* 4 *Conn. Rep.* 149. In the case before us, the original writ was issued and served on the 2nd day of *August,* 1824; but the plaintiff's claim was disallowed, and she was notified thereof, on the 4th day of *August,* 1823.

2. The statute in question is a *positive bar*, not removeable like other statutes of limitation, by a new promise, or a recognition of a subsisting debt; because it is not bottomed on a *presumption* that the debt is paid—avoidable by the slightest acknowledgment. *Trueman* v. *Fenton, Cowp.* 544. The sole object of the legislature was, to compel an early settlement of estates. Had they intended to prevent the statute from attaching to actions commenced after the time limited by the failure of antecedent defective suits, they would have said so, as they have done in relation to many other statutes of limitation. *Stat.* 211. *tit.* 59. *sect.* 8.

But the actions are not "for the same matter, cause and thing," as claimed by the plaintiff's counsel. One is debt; the other, account: and they have no more effect on each other than trover and ejectment for the same land.

I am of opinion that there is no error in the judgment complained of.

*Windham*,
July,
1825.

The other Judges were of the same opinion.