Kennon, J.
Andrew Haymaker, the plaintiff below, in an .action of assumpsit brought against the defendant below, filed a ^declaration, containing three counts. The first, in substance, alleged that, in 1823, he entered into a contract with the testator, by which he agreed to serve the testator for three years, in consideration of which services the testator promised to convey to the plaintiff fifty acres of land, in Portage county; that the plaintiff performed the labor; that the testator refused to make the deed, and afterward conveyed the land to a stranger; that afterward, and after the statute of limitations had barred the plaintiff’s claim, and within six years before the commencement of this suit, the testator promised to pay the plaintiff for his services.
The second count alleged, that in consideration of the work and labor of the plaintiff, before that time done and performed for the testator (without any averment that it was done at the request of the testator), of the value of $800, the testator promised to pay the •plaintiff what the work and labor was reasonably worth; and the plaintiff averred that it was reasonably worth $800.
The third count contained all the common counts in one, in the usual form.
The defendants pleaded, firstly, non-assumpsit; secondly, the -statute of limitations; and thirdly, a special plea, averring that the plaintiff had presented the.claim, upon which the action was brought, to the executors for their acceptance or rejection, according to the statute in such case made and provided, and requested the executors to approve the same, but that the executors rejected the claim; and that this suit was not brought until more than six months after such rejection.
To this special plea the plaintiff replied, that he had brought .another action within six months after the rejection of his claim by the executors, and that he was non-suited by the court in said action ; and that afterward, and within six months from the time of said non-suit, he had brought the present action.
To this replication ithe defendants rejoined, that when the ■^plaintiff brought the first action, he was a non-resident of *277 the county of Trumbull, and that he was ordered by the court to give security for costs, within forty days, or become non-suited; and that he failed to give such security, and in consequence thereof was non-suited.
To this rejoinder tbe plaintiff demurred, and tbe district court sustained tbe demurrer.
On tbe trial of tbe issues of fact to tbe jury, tbe plaintiff, to sustain the issue on bis part, proved that he was tbe son of the testator, and became of age in 1822; and further gave evidence tending to prove tbe several allegations in tbe first count in bis declaration, and that tbe plaintiff labored for tbe testator from 1822 to 1826. Tbe evidence of labor offered by tbe plaintiff was confined to a period previous to, and including, tbe year 1826; and tbe plaintiff gave evidence tending to prove that tbe testator, witbin six years-before tbe commencement of tbe suit, promised to j>ay tbe plaintiff’s claim. Tbe defendants, to sustain the issue on their part, gave evidence tending to prove that tbe plaintiff bad made no such agreement, as alleged in tbe first count of tbe plaintiff’s declaration, and also tending to disprove that tbe plaintiff labored for tbe testator any sucb period, after arriving at tbe age of twenty-one years; and also tending to rebut tbe plaintiff’s evidence, that tbe testator had subsequently promised tbe plaintiff, for tbe land or labor; and also-gave evidence tending to prove that tbe testator bad sold tbe said land in 1834, with tbe knowledge of tbe plaintiff.
The parties having closed tbe evidence, tbe defendant’s counsel-asked tbe court to instruct tbe jury, that tbe plaintiff could not recover on tbe first count, unless tbe several allegations of the-making of said original contract of service and tbe performance thereof, and tbe subsequent promise, were proved to tbe jury; and that for any service less than three years, performed as aforesaid, be could not recover under tbe other counts in tbe declaration,, unless bis original right of action for sucb labor bad accrued *within six years before tbis suit was commenced. But tbe court'refused thus to charge the jury, if tbe plaintiff had not proved the allegations in his first count, be could not recover thereon; but that, under tbe second count in tbe declaration, tbe plaintiff might recover, if be bad proved any amount of service done by tbe plaintiff for tbe testator, at any time after arriving at tbe age of twenty-one-years, for which tbe plaintiff bad not received payment or satisfaction, if tbe testator bad, in consideration of sucb labor or service,, *278 contracted or promised tbe plaintiff to pay Mm for tbe same if such contract or promise was made within six years before the commencement of this suit. That, in snch case, the plaintiff might recover, not for the original labor, but upon the promise made in consideration of the labor.
To refusing to charge the jury as requested, and to the opinion of the court in the charge, the defendants excepted, and caused the bill of exceptions to be made a part of the record.
The jury found that the testator did assume and promise, within six years before the commencement of this suit, in manner and form as the said plaintiff had alleged, in the first and second counts in the declaration, and assessed the damages at $402, for which judgment was rendered.
The plaintiffs in error assign, in their petition, three causes, for either of which they claim the judgment of the district court should be reversed.
1. It is claimed the court erred in sustaining the plaintiff’s demurrer to their rejoinder to the plaintiff’s replication.
2. That they erred in charging the jury that the plaintiff might recover, under the pleadings, for any labor done by the plaintiff for-the testator, for which the right of action was barred by the statute ment of limitations.
3. That the court erred in charging the jury, that if the plaintiff had, after arriving at majority, performed any labor for the testator for which he had not received payment nor satisfaction, *and the testator had at any time afterward promised to pay for the labor, the plaintiff might recover on that promise.
There is also a fourth error assigned, that the court rendered judgment and ordered the same to be levied of the assets of the testator, in the hands of the executors. As to this last error, upon looking to the record, we find the judgment is in the usual form, and means only that the money is not to be levied of the property of the executors, but of the property of the testator; and execution is not ordered to issue on the judgment, but it is simply remanded to the court of common pleas, to be carried into execution as all other judgments are. If the judgment had been rendered against the executors without adding the words, “ to be levied of the property of the testator,” it might, and probably would have been, erroneous; but we think the judgment is in the proper form.
As to the first error assigned, whether the court should have sus *279 tamed the demurrer to the rejoinder, this depends upon a construction of our statutes of limitation.
By section 98 of the administration act, it is provided that no action shall be brought against an executor or administrator until after eighteen months from the date of the letters of administration, or the further time allowed by the court for the collection of the assets of the estate, except in certain cases therein named; one of which cases is provided for in section 90 of the same act. This section provides that if a claim against the estate of any deceased person be exhibited against the executor or administrator, and shall be rejected by him, if the debt be due, the claimant shall, within six months after such rejection, commence a suit for the recovery thereof, or be forever barred from maintaining an action thereon; and a claim shall be deemed disputed or rejected if the executor or administrator shall, on presentation of the vouchers thereof, refuse, on demand made for that purpose, to indorse thereon his allowance of the same as a valid claim against the estate.
*It will be perceived that by this section no provision is made to save the rights of a claimant who shall have commenced his suit within the six months, and after the expiration of six months shall become nonsuited; nor is any such provision made for a case where the suit shall abate, or where the plaintiff shall obtain a verdict and the judgment be arrested, or where judgment shall be rendered in favor of the plaintiff, and the judgment shall be reversed for error. In neither of these cases is any provision made, in express terms, authorizing another action to be commenced at any time after the expiration of the first six months.
There is, however, a provision in our statute of limitations which provides, that if any action be commenced within the time limited by this act, judgment shall be reversed or arrested, or the suit abate, or the plaintiff become nonsuited, until the time limited, as aforesaid, shall have expired. The plaintiff may commence a new action within one year after such arrest or reversal of judgment, nonsuit, or abatement of action, and not after. See Swan’s Stat. (old), 555, sec. 6.
This last act took effect June 1, 1831, and was in force at the time of the passage of the act -providing for the settlement of the estates of deceased persons.
It will be seen, from the reading of these two acts, that neither of them provide, in express terms, for the case in which an action *280 .has been brought against an executor or administrator who had rejected a claim, and suit is brought within the six months prescribed by the statute, but after the expiration of the six' months the judgment is reversed, or the plaintiff becomes nonsuited.
It is very clear that the legislature intended, by our general statute of limitations, that the plaintiff should not lose his debt, if he commenced his action before the bar was complete, and afterward, and after the statute had run, he should be nonsuited by order of the court, but should have one year thereafter in which to commence a new action.
There is no reason why the rights of a party should be saved *in the one case, and not in the other; and the only question is whether the equity of the provisions of our statute of limitations can be extended beyond its express provisions, so as to provide for .a case under the administration law, where the claimant must commence suit within six months, and actually does so, and afterward becomes nonsuited, or his judgment is reversed.
Section 4 of the statute of James provided that if, in any of the said ■actions or suits (meaning the actions or suits mentioned in the English statute of limitations), judgment be given for the plaintiff, and the same be reversed by error, or a verdict pass for the plaintiff, and upon matter alleged in arrest of judgment, the judgment be given •against the plaintiff, that he take nothing by his plaint, writ, or bill. The plaintiff in such cases’ may commence a new action within one year, and not after. See Angelí on Limitations, 402. The English statute extended by its terms to only two cases, viz: •arrest of judgment, and reversal or writ of error; our statute extends to nonsuits and abatement’of the action. •
Under the English statute, if an action had been commenced within the six years, and by tho death of one of the parties the action abated, the statute has been so construed that a new action maybe commenced, though the six years have expired.- In such cases, however, the action must be commenced within a reasonable ■time, and that reasonable time has been held to be one year, the courts following the equity of the views of the legislature in cases of arrest or error. And such may be considered the settled law in England and the United States. See Angelí on Limitations, 404, 405, and authorities there cited. It will be observed that these decisions are based upon a construction of statutes wherein no saving is made for the abatement of an action by death or otherwise.
*281, 282 It has, however, been almost uniformly held that when the plaintiff became nonsuited, no new action could be brought, but this was-always under a statute where there was no saving in *case of nonsuits. Our statute expressly saves the right of the plaintiff in ease of nonsuit, and allows him one year thereafter in whicli to bring his action. On the principles of the decided cases, where the-statute made no provision for nonsuits, we think we would be safe in saying that if in this case the plaintiff had in his first suit obtained a judgment against the defendant, and that judgment had afterward on writ of error been reversed, the plaintiff should at least have a reasonable time in which to commence a new action, and that reasonable time would be six months, the time allowed by the statute in which to bring his original suit after the claim was rejected; but since our statute extends to nonsuits as well as reversal on error, the same reason would require a court to construe the statute to apply to nonsuits in cases like the present. The question whether this was a voluntary nonsuit, and whether the statute can be so extended as to include voluntary nonsuits, does not arise in this case, for the reason that, so far as we can see, it was anything but a voluntary nonsuit; it was made on the motion of the defendant, and was ordered by the court. The fact that it was ordered because the plaintiff had not complied with the statute in giving security for costs, is no more the fault of the plaintiff than any other error which he or his counsel might have committed on the trial of the case, by which the judgment might be arrested or reversed. We think, therefore, that the defendant’s rejoinder was no legal-answer to the replication, and that the court -did not err in sustaining the demurrer.
We ought, however, to observe on this point, that we have examined the case referred to by counsel for the petition in error, found in 6 Conn. 28, and, although we have not been able to find the statute upon which that that decision was based, we find the provisions of the Connecticut statute of 1849 are almost a copy of ours, with the single exception that it saves the right of a creditor who-may sue before the expiration of the six months, and there is no other saving clause in the act.
The case, according to the opinion of Judge Peters, might well have been decided on the point that the second action was not for the same cause of action for which the first was brought. The *283 first suit seems to have been debt on a record; the second was an action of account going behind the judgment, and the judge says': “ But the actions are not for the same matter, cause, or thing, as • claimed by the plaintiff’s counsel. One is debt, the other account; and they have no more effect on each other than trover and eject- ■ merit for the same land.” It could in no sense be considered a continuation of the first action. We do not consider the case in point.
The second error assigned being that the court erred in chargingthe jury that the plaintiff might recover under the pleadings forany labor done by the plaintiff for the testator, for which the right of action was barred by the statute of limitations, is intended to ■ raise the question whether the declaration must not count upon the new promise, making the original and barred liability the consideration for such promise. Now, the first count in the declaration is-precisely such count: it states the original legal liability, the bar, and the subsequent promise, within six years before the commencement of the action; and the court charged the jury that if theplaintiff had not proved the allegations in the first count, the jury could not find for the plaintiff on that count. The court, as to that. count, charged in substance as asked, and charged, correctly. But the court further charged, “ That under the second count in the ■ declaration, the plaintiff might recover if he had proved any amount of service done by the plaintiff for the defendant’s testatorat any time after arriving at the age of twenty-one years, for which the plaintiff had not received payment nor satisfaction, if the testator, in consideration of such labor, promised the defendant to pay him for the same, if such promise was made within six years before - suit brought; that the plaintiff might recover, not for the labor, but upon the promise made in consideration of such labor.” It is-true that this count does not aver *that the original labor was performed at the request of the testator, but is a common count for work and labor. No advantage could be taken to the count-for the want of such averment, except by demurrer; and a court of error will presume that it was so found by the jury, unless the contrary appear.
So far as the evidence is set forth in the bill of exceptions, we ■ can not fail to see that it was all, on the part of the plaintiff, given to prove a special contract made by the parties for the services of the plaintiff; that it was not the intention of the court to charge-the jury that a request of the testator, either express or implied,. *284 ■was not necessary to enable the plaintiff to recover for work and . labor performed for the testator. That was not the point in the .mind of either court or counsel. The real point was whether, if the claim was barred by the statute of limitations before any promise was made by the testator, which, if made before the bar, would have reversed the cause of action, a recovery could be had on any other than the first count in the declaration. In other words, was ■ either of those last counts so framed that in case the plaintiff failed •to prove the first count, he could recover on either of the others upon a promise made after the bar, and within six years before the ,commencement of the action? To this point alone was the attention of the court directed, and not whether it was necessary to prove an original request to perform the services. The court charged that ■a recovery could be had on the second count, although the plaintiff might fail to prove the first count, and although the promise was made after the plaintiff had been barred by the statute of limitations. Taking the testimony offered by the plaintiff, the plain fact, as it appears by the testimony offered by the plaintiff, that he had ■but one course of action — the point which was in fact before court ■when the charge was given — the fact that the jury found, under the first count, that the labor was performed at the testator’s request, and upon a contract, we are not able to see that the defend•ants either were, or could have been injured by the charge, so far as an original request to do *tlie labor is concerned, or that the jury could have at all been misled in supposing that the court intended to charge them that it was not necessary that the labor .should originally have been performed at the request of the testator.
We think the defendants could not.have been prejudiced by this charge; and that the judgment ought not, therefore, to be reversed - on that account.
It is also claimed that the court erred in their instruction to the jury, that a recovery might be had on the second count of the ■plaintiff’s declaration, although the claim had been barred by the . statute of limitations before the promise to pay was made.
The question raised by this assignment of error is, whether the ■■count is so framed as to admit evidence that the claim had been barred by the statute of limitations, and that in consideration of •■the prior indebtedness, a promise was made to pay the claim.
It is supposed that the charge that a recovery might be had as *285 such, on this count, is contrary to the ruling of the Supreme Court in the case of Hillers v. Henry, 17 Ohio, 9.
The court in that case held that a cause of action could not be ■ revived by a promise made after the bar, but that the original indebtedness was a sufficient moral obligation to sustain a subsequent-promise.
This second count is framed on an executed consideration, and alleges in substance that the testator was indebted to the plaintiff for the work and labor of the plaintiff, before that time performed for the testator; and that, in consideration of that indebtedness, he promised to pay what the work was really worth. There is no averment that the claim had been barred before the promise. Otherwise the count would be sufficient in all respects. The plaintiff proved that the testator promised within six years. The defendants claim that he ought not to be permitted to prove a promise made so lately, but were of opinion that wherever a count on an account stated would have lain before the bar, or where the common count upon an executed consideration for work *and labor, would have lain before the bar, that on these two counts at least, a recovery may be had after the bar, founded upon the subsequent promise; that the form of the two counts, the one before and the other after the bar, must be very nearly the same, and that the court did not err in this particular.
Indeed it may be well doubted whether, in any case, unless upon a bond or sealed instrument, the plaintiff ought to be required to anticipate the defense of the defendant. There is no bar unless pleaded, and it would be requiring a good deal, to ask the plaintiff to foresee which defense will be made, and anticipate the statute of limitations. The better practice in such case would be to make the issue of the subsequent promise by replication.
Upon the whole, we think there was no error in the case, and the.; is affirmed.