HON. ROBERT SATTER, JUDGE TRIAL REFEREE.
 

 In this foreclosure action the defendants Joseph S. Milazzo and Henry A. O’Neal, executors of the estate of Salvatore G. Milazzo, move to dismiss the action against the estate on the ground of the court’s lack of subject matter jurisdiction. Specifically, these defendants assert that this action against the estate was filed beyond the time limitation established by General Statutes § 45a-363.
 

 Section 45a-363 (b) provides in pertinent part that unless a person whose claim against an estate has been rejected “commences suit within one hundred twenty days from the date of the rejection of his claim, in whole or in part ... he shall be barred from asserting or recovering on such claim from the fiduciary, the estate of the decedent . . . except for such part as has not been rejected.”
 

 The issue before the court on this motion is whether failure to comply with § 45a-363 is a jurisdictional defect or whether failure to comply gives rise to the defense of the statute of limitations which must be specially pleaded.
 

 The facts are as follows. On June 3, 1985, Salvatore G. Milazzo, Rosalie Milazzo and Joseph S. Milazzo executed a note in the principal amount of $1,500,000 in favor of the plaintiffs assignor, secured by a mortgage on certain real property in Hartford. In December, 1985, the Milazzos quitclaimed the property to RJS Associates Limited Partnership and, in 1986, that partnership quit-claimed the property to the defendant SJR Associates Limited Partnership. The mortgage is in default.
 

 
 *481
 
 On February 6, 1995, Salvatore G. Milazzo died and the defendants Joseph S. Milazzo and Henry A. O’Neal were duly appointed executors. On May 12, 1995, the plaintiffs assignor filed a proof of claim with the executors asserting an arrearage of $1,362,375.34 owed on the mortgage note. When the executors failed to respond, the plaintiffs assignor, on September 12,1995, demanded they act on its claim within thirty days, pursuant to General Statutes § 45a-360 (a). The executors notifed the plaintiffs assignor on September 15, 1995, that its claim “is denied in its entirety as not representing a valid claim.”
 

 On October 10, 1995, the plaintiff moved the court in the present action to cite in the estate as a defendant. On October 30, 1995, the court granted the motion ordering that the estate be summoned by February 8, 1996, to appear before February 22, 1996. The estate was served on February 6, 1996.
 

 In the present motion to dismiss, the defendant executors assert that since February 6, 1996, is more than 120 days after September 15, 1995, this motion should be granted pursuant to § 45a-363.
 

 The defendants rely on two Superior Court cases,
 
 Connecticut National Bank
 
 v.
 
 Estate of Copeland,
 
 Superior Court, judicial district of Middlesex, Docket No. 64114 (April 7, 1992)
 
 (Austin,
 
 J.) and
 
 Blewett
 
 v.
 
 Petrokubi,
 
 Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 316163 (February 10, 1995)
 
 (Hauser,
 
 J.), which support their assertion that the time limit set by § 45a-363 is a jurisdictional requisite and the failure to meet it requires dismissal of the action. These cases in turn rely on
 
 Ecker
 
 v.
 
 West Hartford,
 
 205 Conn. 219, 530 A.2d 1056 (1987).
 

 The rule stated in
 
 Ecker
 
 is: “Where ... a specific time limitation is contained within a statute that
 
 creates a right of action that does not exist at common law,
 
 
 *482
 
 then the remedy exists only during the prescribed period and not thereafter. ... In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not of the remedy alone. . . . The courts of Connecticut have repeatedly held that, under such circumstances, the time limitation is a substantive and
 
 jurisdictional prerequisite,
 
 which may be raised at any time, even by the court sua sponte, and may not be waived.” (Citations omitted; emphasis added.) Id., 232.
 

 Ecker
 
 was an action for wrongful death brought more than three years after the act or omission complained of and beyond the limitation period provided in General Statutes § 52-555. The court noted that an action for wrongful death did not exist at common law but rather was created by § 52-555 which also contained the time limitation. Applying the rule stated above, it dismissed the action.
 

 In the present case, § 45a-363 is purely procedural in nature, governing the time within which to file a suit against an estate when a claim has been rejected by an executor or administrator. The statute does not create the right of action upon which the claim is based, as § 52-555 does for a wrongful death case, and thus is not a “jurisdictional prerequisite.”
 

 Orticelli v. Powers,
 
 197 Conn. 9,495 A.2d 1023 (1985), states the rule when the statute limiting the time within which to bring an action does not create the cause of action.
 
 Orticelli
 
 was a suit brought pursuant
 
 to
 
 the federal Civil Rights Act of 1871. 42 U.S.C. § 1983. The trial court rendered summary judgment on the ground that the action was barred by both the two year statute of limitations contained in General Statutes § 7-101a (d), and the three year statute of limitations contained in General Statutes § 52-577, although neither of those statutes had been pleaded as special defenses. The
 
 *483
 
 Supreme Court noted that 42 U.S.C. § 1983 sets forth no time period within which the action must be brought. Finding § 7-10 la (d) to be inapplicable and § 52-577 to be a general statute of limitations, it held that the latter statute had to be specially pleaded and that the trial court erred in raising the issue sua sponte. The court stated, “[t]he general rule is that where the right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered personal and procedural, and it is deemed waived unless it is specially pleaded.”
 
 Orticelli
 
 v.
 
 Powers,
 
 supra, 15.
 

 Section 45a-363 and its predecessors has long been recognized as “simply a statute of limitations.”
 
 Grant
 
 v.
 
 Grant,
 
 63 Conn. 530, 546, 29 A. 15 (1893);
 
 Brown & Bros.
 
 v.
 
 Brown,
 
 56 Conn. 249, 252, 14 A. 718 (1888). Its purpose is “to compel an early settlement of estate.”
 
 Spalding
 
 v.
 
 Butts,
 
 6 Conn. 28, 30 (1825). Although these are old cases, they state the current law. G. Wilhelm, Connecticut Estates Practice Settlement of Estates (1974) § 213.
 

 The plaintiff raises two other issues. First, whether the executors’ failure to give reasons for their rejection of the plaintiffs claim invalidated their rejection in light of the requirement of General Statutes § 45a-360 (h) that reasons be given. Second, whether, as a matter of fact, the suit was timely filed. This court does not reach those issues because it decides that even if there were a failure to comply with § 45a-363, it is not a jurisdictional defect. Rather, it is a matter invoking the statute of limitations which must be pleaded as a special defense.
 

 The defendants’ motion to dismiss is denied.