[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case arises from an automobile accident which occurred on November 6, 1996. The plaintiff, Phyllis Mooney, alleges that she was struck by a vehicle negligently driven by Dennis O'Sullivan. On November 3, 1998, the plaintiff served a complaint, entitled Mooney v. O'Sullivan, alleging negligence. The complaint was served by a deputy sheriff at O'Sullivan's last known abode, and the sheriff's return indicated completed service. Unbeknownst to the plaintiff, and apparently to the deputy sheriff, O'Sullivan had passed away on February 18, 1998, over nine months prior to the service of the complaint against him.
On December 4, 1998, at the behest of the plaintiff and after she became aware of O'Sullivan's death, the Probate Court of Danbury opened the Estate of Dennis O'Sullivan, naming Mary Murphy as the Administratrix. On December 29, 1998, the plaintiff wrote to Murphy asserting a claim against the estate. On January 13, 1999, Murphy denied the plaintiff's claim against the estate via a letter to the plaintiff's counsel. On March 22, 1999, the plaintiff moved to substitute Murphy, as Administratrix of the Estate of Dennis O'Sullivan, as the defendant, in the pending action against Dennis O'Sullivan. On April 14, 1999, counsel for O'Sullivan, as an individual, moved to dismiss the complaint on the ground that the court lacked subject matter jurisdiction over a deceased defendant. The motion to dismiss was granted, and the action was dismissed, Radclifffe, J., on April 26, 1999.[1]
The plaintiff filed the present action on June 7, 1999, against the defendant, Mary Murphy, as Administratrix of the Estate of Dennis O'Sullivan. The complaint alleges that the estate is liable for the alleged automobile accident and, pursuant to General Statutes §45a-363, the plaintiff is seeking damages from the defendant in her capacity as Administratrix.
On November 9, 1999, the plaintiff filed a revised complaint. On June 29, 2000, the defendant moved to dismiss the revised complaint on the ground that the court lacks subject matter jurisdiction because the plaintiff failed to comply with the time requirements of § 45a-363. On July 12, 2000, the plaintiff filed an objection to the motion to dismiss and a request for leave to amend complaint, along with a second revised complaint. On July 14, 2000, the plaintiff filed a second request for leave to amend complaint, accompanied with a third revised complaint. The CT Page 3466 defendant subsequently filed a supplemental memorandum of law in support of the motion to dismiss on August 14, 2000. On August 30, 2000, the plaintiff filed a supplemental memorandum of law in opposition to the motion. On October 10, 2000, the defendant filed a reply memorandum in support of the motion. Oral argument on the defendant's motion to dismiss took place on November 13, 2000.
The defendant argues, in support of her motion to dismiss, that the plaintiff failed to comply with the requirements of General Statutes § 45a-363,[2] which provides that a person, in order to bring suit against an estate, must first file a claim with the administrator and receive a denial of such claim pursuant to General Statutes § 45a-353
et seq. Under § 45a-363, the person presenting the claim to the estate must file an action within one hundred twenty days of the date of the rejection of the claim. In the present case, the defendant asserts that the plaintiff did not file suit within one hundred twenty days of the rejection letter, and therefore, the court lacks subject matter jurisdiction over the action.
A motion to dismiss is the proper vehicle, pursuant to Practice Book § 10-31(a)(1), to raise a claim that the court lacks subject matter jurisdiction. Shay v. Rossi, 253 Conn. 134, 140 n. 8, 749 A.2d 1147
(2000). "Subject matter jurisdiction is the power of [a] court to hear and determine cases of the general class to which the proceedings in question belong." Lauer v. Zoning Commission, 220 Conn. 455, 460,600 A.2d 310 (1991). A motion to dismiss asserts that the alleging party cannot, as a matter of law, state a cause of action that the court could hear. Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991).
The defendant argues that the time limitation set forth in § 45a-363
is a jurisdictional requirement rather than a statute of limitation, and therefore, the plaintiff's untimely filing of the present action bars the court from hearing the matter.
"The general rule is that where the right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered personal and procedural, and it is deemed waived unless it is specially pleaded. . . . The limitation acts as a bar to a remedy otherwise available. . . . In these instances, a trial court may not raise the limitation on its own motion. Where, however, a specific limitation is contained in the statute which establishes the remedy, the remedy exists only during the prescribed period and not thereafter. In this situation, the court may properly raise the statute of limitations issue on its own motion because it is considered substantive or jurisdictional, and not subject to waiver." (Brackets omitted; citations omitted; internal quotation marks omitted.) TravelersCT Page 3467Indemnity Co. v. Rubin, 209 Conn. 437, 445-46, 551 A.2d 1220 (1988).
This court concludes that the provisions of § 45a-363 barring suits filed later than one hundred twenty days after rejection of a claim do not implicate the subject matter jurisdiction of the court, and therefore, the motion to dismiss should be denied. The court's determination is based on the following analyses.
First, this lawsuit is premised on the allegations of negligence against the deceased, Dennis O'Sullivan. Tort claims against the estates of deceased persons, while not recognized at common law, have been permitted by statute at least since 1903, long before the enactment of § 45a-363. See G. Wilhelm, Settlement of Estates in Connecticut 2d (1999) c. 8. In addition, as this court understands the statutory history, prior to the enactment of § 45a-363, tort claims such as the plaintiff's were not subject to the one hundred twenty day limitation.[3]
See General Statutes, Ch. 802b, §§ 45a-390, 45a-395 (f). Thus, this court holds that the remedy sought by the plaintiff in this case was not created by § 45a-363, and the time limitation contained therein does not involve the subject matter jurisdiction of the court.
Second, the above rationale was essentially adopted by the court inNortheast Savings, F.A. v. Milazzo, 44 Conn. Sup. 477, 691 A.2d 603
(1996), which held that the limitation period of § 45a-363 was not a jurisdictional prerequisite, but a statute of limitation. This court finds that the rationale of Northeast Savings is sound. There, the court pointed out the difference between the wrongful death statute, General Statutes § 52-555, which created a cause of action unknown at common law and contains time limitations that are jurisdictional, and §45a-363, which deals with long recognized causes of action, such as negligence and pre-existing remedies of a suit against a decedent's estate. Northeast Savings, F.A. v. Milazzo, supra, 44 Conn. Sup. 480. It also relied on Connecticut Supreme Court precedent interpreting the predecessors of § 45a-360 (regarding presentation of claims to the administrator of the estate) and § 45a-363 (regarding filing of suit within one hundred twenty days of the administrator's rejection of the claim). Id. That precedent seems to make clear that the one hundred twenty day limitation is not jurisdictional but, rather, a defense which must be specially pleaded. See Grant v. Grant, 63 Conn. 530, 546, 29A. 15 (1893); Brown Brothers v. Brown, 56 Conn. 249, 252, 14A. 718 (1888).
Finally, the defendant relies heavily on Blewett v. Estate ofPetrokubi, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 316163 (February 10, 1995, Hauser, J.). A careful reading of that decision, however, demonstrates that it is not supportive of the defendant's position. The Blewett case primarily deals with General CT Page 3468 Statutes § 52-592, the accidental failure of suit statute, which allows in certain circumstances a new action to be filed where a previous action "commenced within the time limited by law" was not determined on its merits. The Blewett court held that an action against an estate that was commenced before a claim was filed with the estate and necessarilybefore the claim was rejected was not a case "commenced within the time limited by law," because § 45a-363 explicitly prohibits the commencement of a civil suit prior to the filing and rejection of the claim with the administrator of the estate. Thus, the court in Blewett
found that § 52-592 did not apply because the original action was not properly commenced. There is no express holding in Blewett that the one hundred twenty day limitation of § 45a-363 is jurisdictional; at most, the case can be read to say that the court lacks subject matter jurisdiction over a case filed against an estate before a claim is filed with the administrator.
This court holds that the one hundred twenty day limitation set forth in § 45a-363 is a statute of limitation. Thus, the defendant's contention that the plaintiff did not comply with the procedural prerequisite in effect becomes a statute of limitations defense. It is improper to raise such a defense in a motion to dismiss, as it must be specially pleaded. See Practice Book § 10-50; Ross Realty Corporationv. Surkis, 163 Conn. 388, 391, 311 A.2d 74 (1972). Accordingly, the defendant's motion to dismiss is denied.[4]
Adams, J.