JENCKS *against* PHELPS.

| 4 | 149 |
|---|---|
| 70 | 259 |

The commencement of an action is determined, by the service of process, and not by the signing or issuing of the writ.

This was an action against the defendant, as sheriff of the county of *Hartford*, for the escape of *Henry Osborn* from prison, on the 21st of *June*, 1820; he having been committed on an execution in favour of the plaintiff. The process was a summons, dated the 21st of *June*, 1820.

The cause was tried at *Hartford, February* term, 1822, before *Peters,* J.

The plaintiff's writ, after it was completed, was delivered, by the justice who signed it, to the plaintiff, who put it into the hands of an officer for service, directing him not to serve it until further ordered. On the succeeding night, the officer, by the plaintiff's direction, served the writ on the defendant; and whether *Osborn* was, at that time, without the limits of the gaol-yard, was the principal question of fact on the trial. The defendant claimed, and prayed the judge to instruct the jury, that even if they should find this fact in the plaintiff's favour; yet the action was commenced before that time, and, of course,

*Hartford,*
*July,*
*1822.*

*Jencks*
*v.*
*Phelps.*

the plaintiff could not recover.    The judge instructed the jury, that if they should find, that *Osborn* was, at the time of the service of the writ, without the limits of the gaol-yard, it would be their duty to return a verdict for the plaintiff to recover of the defendant the amount of the execution, officer's fees, and money expended for the prisoner's support, with interest.    The jury returned a verdict for the plaintiff accordingly ; and the defendant moved for a new trial, on the ground of a misdirection.

*Trumbull* and *W. W. Ellsworth*, in support of the motion, contended, 1. That an action cannot be legally commenced, until the cause of action is perfected.    [This point was conceded, by the opposing counsel.]

2. That the issuing of the writ is the commencement of the action.    An action is a course of proceeding, in a court of justice, to enforce a right.    The commencement of an action is the *first step* in that proceeding.    This, in *Connecticut,* whatever it may be elsewhere, is the issuing of the writ.    2 *Swift's Syst.* 187.    The writ, even in *England,* where the declaration does not go with it, is said to be " the *beginning* or foundation of the suit." 3 *Bla. Comm.* 272.    It is the office of the writ, to call upon the defendant, in the name of the sovereign power, to answer to the plaintiff's complaint.    This is, *in fact,* the first step ; and from the *nature* of the proceeding, it *must* be so.    It is, also, an *indispensible* step ; one, which is *essential* to the existence of the action.    If the issuing of the writ is not the commencement of the process, what is the commencement ?    Is it the service ?    This is only *notice* of something antecedently done, *viz.* of the claim made by the plaintiff in his writ.    Besides, if the commencement of the action is to be determined by the service, at what point in the service shall it be fixed ?    Shall it be, when estate is attached ; when a copy is left ; or, when the writ is returned ?

If the service alone were to determine the commencement of the suit, the *date* of the writ would be immaterial ; but this is not so.    If a writ is dated before the cause of action accrued, though not served till afterwards, it is a good ground of demurrer.

In the state of *New-York,* it is settled law, that the issuing of the writ is the commencement of the action.    *Lowrey* v. *Lawrence,* 1 *Caines* 69. 71.    *Cheetham* v. *Lewis,* 3 *Johns. Rep.* 42.    *Bird* & al. v. *Caritat,* 2 *Johns. Rep.* 342. 346.

*T. S. Williams*, contra. What is the commencement of the suit, depends on " the general rule and course of the court." *Foster* v. *Bonner, Cowp.* 454. 456. In the *Common Pleas*, it is the original writ. In the *King's Bench*, it may be either the suing out of the *latitat*, or the exhibiting of the bill, at the election of the plaintiff. *Bul. N. P.* 151. A *latitat* will be held to be a good commencement of the suit, to avoid a plea of the statute of limitations, or a tender made after suing it out; but, in general, the exhibiting of the bill is considered as the commencement of the suit, and the *latitat* merely a process to bring the defendant into court, which may be sued out before the cause of action. 1 *Tidd's Pract.* 292, 3. In the state of *New-York*, the delivery of a writ to the officer, or some act tantamount, with intent to have it served, is considered as the commencement of the suit. *Bronson* & al. v. *Earl,* 17 *Johns. Rep.* 63. *Burdick* v. *Green,* 18 *Johns. Rep.* 14. 20. There, however, as in the *English King's Bench*, the issuing of the writ will be regarded as the commencement of the suit for the purpose of saving a case from the statute of limitations. What has been " the general rule and course of the court" in *Connecticut*? It has been, invariably, and for every purpose, to consider the *service* of process upon the defendant as the commencement of the action. This practice was sanctioned, by the superior court, in *Clark* v. *Helms,* 1 *Root* 486. and by the supreme court of errors, in *Holdridge* v. *Wells, June,* 1801. (*a*) In the latter case, the sole question

(*a*) This was an action brought by *Amasa Holdridge*, against *Russel Wells*, on a promissory note, made by the defendant, dated *Sepetmber* 8th, 1795, for 5*l*. 7*s*. payable on demand, with interest. The writ was dated *July* 11th, 1796. The defendant pleaded, " That on the 12th day of *July,* 1796, and before the service of the plaintiff's writ, he offered and tendered to *John T. Peters*, Esq. attorney for the plaintiff, who held said note for collection, and was duly authorised to receive the money due thereon, 5*l*. 13*s*. 3*d*., being the sum due on said note, in full payment thereof; which the said *John T. Peters* refused to accept, and still does refuse to receive the the same." The defendant then averred, that he had ever since stood ready to pay that sum, and tendered it in court. The plaintiff replied, " That on the said 11th day of *July,* he commenced this action, by suing out said writ, and on the same day, he delivered said writ into the hands of an officer to serve the same, of which the defendant had notice, at the time and place of making said tender; and the plaintiff then and there requested the defendant to pay to him the legal costs, by him incurred, in purchasing said writ, and paying the state duty thereon, being 59 cents; which the defendant then and there refused, and still doth refuse, to pay." To this replication the defendant demurred; and the court adjudged the replication insufficient. On a writ of error in the superior court, in *Tolland* county,

*Hartford,*
*July,*
*1822*

Jencks
*v.*
Phelps.

was, whether the action was commenced, by the issuing of the writ; and it was decided in the negative.

In perfect consistency with this general rule, it has been the constant practice to permit the alteration of a writ, at pleasure, after it is signed and issued by the magistrate, until it is served; and the correctness of such practice was recognized, by this court, in *Parsons* v. *Ely* and *Parsons,* 2 *Conn. Rep.* 377. Blank writs are frequently signed and issued; which are afterwards filled up and used, as occasion requires. But if the issuing of the writ were the commencement of the action, it could not be afterwards altered, either before or after service. This is, also, a *convenient* practice; and is productive of no injurious consequences.

HOSMER, Ch. J. The question raised in this case, is, whether the escape alleged was anterior to the commencement of the action: and that depends on this inquiry; is the suing out of the writ, or the service of it, the commencement of the action?

Much unnecessary learning has been displayed on this point of practice. If the inquiry before the court is not novel, and we are not called on to originate a rule, the peculiar practice of *Westminster-Hall,* or of the neighbouring states, is of no importance. The point in controversy has been long established in this state; and the service of the writ has been considered as the commencement of the suit. Were it necessary to go into the argument, it would not be difficult to shew, that this rule of practice is attended with manifest convenience, and results in no injustice. The case of *Clark* v. *Helms,* 1 *Root* 486. decisively proves, that an action here is not considered as commenced, until the service of it on the defendant; and to the same effect was the case of *Holdridge* v. *Wells,* in the year 1801, before the supreme court of errors. These determinations harmonize with the familiar practice of taking out blank writs signed by a magistrate, and with the alteration of them before service, the legal propriety of which, in relation to a summons, was recognized, by this court, in *Parsons* v. *Ely* and *Parsons,* 2 *Conn. Rep.* 377.

On a principle of practice, then, long established, the es-

*February* term, 1800, this judgment was affirmed; and, on a writ of error in the supreme court of errors, *June* term, 1801, to reverse the latter judgment, it was                                        affirmed.

cape for which the plaintiff has sued, was anterior to the commencement of this action.

The other Judges were of the same opinion.

New trial not to be granted.