SANFORD *against* DICK.

The service of a writ of attachment against real estate, constituting the commencement of the suit, is effected, when that notice is given to the defendant which makes him a party, and not when the real estate is levied upon.

Therefore, where six years from the accruing of the plaintiff's right of action, (which was for money lent,) expired on the 2nd of *March* ; a writ of attachment in a suit for this claim was issued and levied on the real estate of the defendant, on the 28th of *February* preceding, but no copy was left with the defendant, or at the town-clerk's office, until the 4th of *March* ; it was held, that the action was not *brought* within the six years ; and that consequently, the plaintiff's claim was barred by the statute of limitations.

THIS was an action of book debt.

In the superior court, the cause was referred to auditors, who reported, that the defendant was indebted to the plaintiff in the sum of 23 dollars, 11 cents, to balance book accounts.

Against the acceptance of this report the defendant filed a remonstrance, stating the following facts. On the hearing before the auditors, the plaintiff exhibited his account against the defendant, containing this charge, among others : " 1837, *March* 2. For cash lent, $30." The defendant objected to the allowance of this charge, on the ground that the cause of action did not accrue within six years from the commencement of the plaintiff's action, and that it was therefore barred by the statute of limitations. The money charged was lent to the defendant, on the 2nd day of *March*, 1837, to be paid to the plaintiff, on demand. The plaintiff commenced the

proceedings in this action, by praying out a writ of attachment against the defendant, on the 27th day of *February*, 1843. This writ was served, by attaching the defendant's real estate, and by leaving a copy thereof, and of the officer's return thereon, with the defendant; but no such copy was left with the defendant until the 4th day of *March*, 1843, which was after the expiration of six years from the time the cause of action accrued. The officer entered upon the real estate of the defendant, and attached it, on the 28th of *February*, 1843, which was before the expiration of said six years.

These facts were found, by the superior court; and thereupon the case was reserved for the advice of this court.

*Hawley* and *Booth*, for the defendant, after remarking, that if the charge of 30 dollars had been disallowed, by the auditors, there would have been a balance against the plaintiff, contended, That this charge was barred by the statute of limitations, more than six years having elapsed between the accruing of the right of action and the commencement of the suit. In the first place, there can be no *action brought*, until he who is to be proceeded against is made a party; and he cannot be a party without service on him. Secondly, the service in question must be *full*, *complete* service. A *beginning* of service is not sufficient; it is not the bringing of an action. In *Jencks* v. *Phelps*, 4 *Conn. R.* 149. where a writ was issued and put into the hands of an officer for service, it was decided, that this, without service, did not show an action brought. The statute requires all writs to be *served* at least twelve days before the sitting of the court. But it is clear, that service begun, but not completed, within the time, would be insufficient. Thirdly, in the case of service by attachment, the leaving of the copy, which is the notice, is not only a part, but it is the most *essential* part, of the service. The attaching part of the process is entirely distinct from that which gives the notice. It is the latter alone, which makes the defendant a party, and commences the action. A writ of attachment may be served, without any attachment, *i. e.* as a summons merely—and this will be a good commencement of the action. The attaching process may be entirely dispensed with; the notice is indispensable.

These positions being established, it follows conclusively,

that the present action was not *brought* within six years from the time the right of action accrued; and consequently, the charge of 30 dollars should have been disallowed.

*Fairfield,*
June, 1845.

Sanford
*v.*
Dick.

*Belden*, for the plaintiff, contended, That the service of an attachment upon land is effected, when the levy is made. By the levy a lien is created on the estate; but a lien could not exist without service of the writ. Consequently, the levy was service of the writ, and the commencement of the suit. What was done afterwards, as leaving the copy with the defendant, and in the town clerk's office, had *relation* back to the levy. The officer had by law seven days within which to leave his copies and perfect his service; and this he did, within the time prescribed. The plaintiff could not have compelled him to leave his copies earlier. The statute of limitations is founded on the presumption of payment from the negligence of the party to enforce payment of his demand within the time limited by law. But here the presumption is rebutted, because the plaintiff did all in his power to enforce payment within that time. No negligence is legally imputable either to him or to the officer. Why, then, should he lose his claim?

HINMAN, J. Whether the plaintiff's charge for cash lent, was barred by the statute of limitations, depends upon whether this suit was commenced on the 28th day of *February*, 1843, when the officer attached real estate by virtue of the writ, or not until the 4th of *March* following, when the copy was left in service with the defendant. That it is the service of the writ, that, in this state, is the commencement of an action, and not the issuing of it, is well settled, and is not denied. But the question here is, what is the service, and when shall it be deemed to be so far completed, that the action may be said to be commenced, and the further operation of the statute of limitations upon the claim prevented? Service, in one sense, may properly be said to be, any thing done by virtue of the authority contained in the writ. But is this the service that commences an action? The plaintiff insists that it is; that all subsequent proceedings relate to the first act of the officer; consequently, the attachment being a part of the service, this suit was commenced when the officer went upon

*Fairfield,*
June, 1845.

Sanford
*v.*
Dick.

the defendant's land and attached it; and therefore, his claim is saved from the operation of the statute.

If the attachment was, by itself, any part of the means of giving the defendant notice of the suit, there might be some foundation for this claim. But the attachment merely operates upon the property, and holds it in a condition to be made available for the satisfaction of the judgment that may be recovered. It has no effect in bringing the defendant before the court. It is a part of the service of the writ, only because it is done by virtue of the authority contained in it. But it is no more notice to the defendant than is the signing, or any other thing that is required to be done in order to perfect the process.

As an attachment, it may be wholly inoperative; as if no bond is given, when it is issued, or no copy left with the town-clerk, where real estate is taken. And yet this would not operate to abate the suit, provided the writ was read to the defendant, or a copy of it left in service as a summons. In all suits brought to the superior or county court, the statute requires that service shall be made twelve days before the sitting of the court. Service, as here used in the statute, obviously means the commencement of the action; but no one would claim, that any thing less than notice given to the defendant, is intended by it.

We think, therefore, that the term service, as applied to the commencement of a writ, is that notice given to the defendant which makes him a party to the proceeding, and makes it incumbent on him to appear and answer to the cause, or run the risk of having a valid judgment rendered against him, in consequence of his default. It follows from this, that the remonstrance to the report of the auditors, in this case, must prevail; and the superior court is accordingly so advised.

In this opinion the other Judges concurred, except STORRS, J., who was absent.

Judgment for defendant.