## CONSOLIDATED MOTOR LINES, INC. *v.* M & M TRANSPORTATION COMPANY

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 8—decided June 6, 1941.

*William L. Hadden,* with whom, on the brief, were *Daniel Pouzzner* and *Clarence A. Hadden,* for the appellant (plaintiff).

*Philip R. Shiff,* for the appellee (defendant).

MALTBIE, C. J.   On January 23, 1940, the plaintiff brought this action to recover damages alleged to be due to the negligence of an employee of the defendant while operating a motor truck in the course of his employment, alleging that the accident occurred on October 10, 1939.   On October 5, 1940, the defendant made

a motion for permission to amend an answer which it had already filed to include a counterclaim, a copy of which was attached to the motion. In this pleading it sought damages to its truck which was involved in the accident, alleging that the accident occurred on the day stated in the complaint. It was admitted on the argument that a copy of the motion, including the proposed counterclaim, was received by the plaintiff's attorneys on October 7, 1940. The motion was granted on October 15, 1940. The case having been heard, the trial court gave judgment for the defendant on both the complaint and the counterclaim. The plaintiff has appealed on the ground that the claim stated in the counterclaim was barred by the Statute of Limitations, which requires that an action seeking a recovery in a case of this kind shall be brought within one year from the date of the act or omission complained of. General Statutes, Cum. Sup. 1935, § 1680c.

We may assume for the purposes of this case that a counterclaim of the nature of that before us is so far to be regarded as an independent action that the Statute of Limitations applies as it would were a separate suit brought. In many jurisdictions, as regards that statute, an action is deemed to have been brought when the writ is issued, if the plaintiff then has a definite intention to pursue it in court and does so within a reasonable time; and in other jurisdictions the action is deemed to have been brought when the writ is given to an officer to serve. Note, 15 Am. Dec. 344; 1 Am. Jur., Actions, § 58. The reason why such action by the plaintiff is deemed sufficient to stop the running of the statute is that it "evinces a settled purpose no longer to sleep upon his rights and allow the time limited by statute, in which the law will presume the debt to have been paid, to elapse." *Randall* v. *Bacon,* 49

Vt. 20, 22. From a very early date in this state the time when the action is regarded as having been brought is the date of service of the writ upon the defendant. *Spalding* v. *Butts,* 6 Conn. 28, 30; *Sanford* v. *Dick,* 17 Conn. 213, 215; *Tuohey* v. *Martinjak,* 119 Conn. 500, 501, 177 Atl. 721. That, in our judgment, is the sounder rule, because only thus is the defendant put upon notice of the purpose of the plaintiff to call upon him to answer to the claim in court. Under our present practice, a counterclaim may be filed as a part of the answer. General Statutes, § 5511. When this is done within the time provided by the rules of practice, the filing of the answer is the commencement of the action set up in the counterclaim. If not filed within that time, it is necessary to make a motion to the court for permission to file it, reciting in or appending to the motion the proposed pleading, as was done in this case. Practice Book, § 93. When the plaintiff receives notice of the filing of such a motion, he knows that the defendant proposes to call upon him to answer in court the demand asserted in the counterclaim, and that he must appear to oppose the granting of the motion or, by failing to do so, risk its allowance and a subsequent judgment against him on the counterclaim. Such notice meets the requirement of our rule and marks the commencement of the action. Whether the mere filing of a motion not reciting the counterclaim or having it appended would have this effect, we have no need to determine.

In *Sanford* v. *Dick,* supra, 216, we held that attachment of real estate was not the commencement of the action, and said that service of the writ, as regards the Statute of Limitations, "is that notice given to the defendant which makes him a party to the proceedings, and makes it incumbent on him to appear and answer to the cause, or run the risk of having a valid judg-

ment rendered against him, in consequence of his default." This statement, apt to the case then before the court, cannot be applied too literally to the situation before us. It is true, however, that the plaintiff had a right to appear in court to oppose the granting of the motion, and, by failing to appear, ran the risk of the allowance of the motion and a subsequent judgment based upon the counterclaim. As the plaintiff received notice of the filing of the motion and a copy of the proposed counterclaim within a year of the occurrence of the accident in question, the defendant was not barred from prosecuting the counterclaim.

There is no error.

In this opinion the other judges concurred.