**GLEBUS v. FILLMORE et al.**

Civ. No. 3718.

United States District Court,
D. Connecticut.

May 21, 1952.

Thomas J. Dodd, and Dodd, Burke & Daly, all of Hartford, Conn., for plaintiff.

Philip R. Shiff, New Haven, Conn., for defendant.

HINCKS, Chief Judge.

Motions to dismiss grounded on the statute of limitations have been filed by the defendants in this and companion actions, all of which stem from a single occurrence, an auto collision which took place in the town of Newington, Connecticut, on April 6, 1951. Two of the actions are brought under the Connecticut wrongful death statute. Conn.Stat. (1949 Rev.) Sec. 8296 as amended by 1951 Supp. to Gen.Stat. Sec. 1392b. The applicable period of limitations is that prescribed by the Connecticut statutes. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. Both the Connecticut wrongful death statute and the statute concerning personal injury actions provide that no action "shall be brought but within one year" of the act complained of. Conn.Stat. (1949 Rev.) Secs. 8296 and 8324.

The parties are in dispute as to whether the action should be deemed to have been "brought" when the complaints were filed or when the defendants were served. The complaints were filed and summons issued

on April 4, 1952, within one year of the date of the collision on April 6, 1951. Service, however, was not had until April 9 and 10, and hence was not until after the year had expired.

It is provided in the Federal Rules that "a civil action is commenced by filing a complaint with the court." F.R.C.P. 3, 28 U.S.C.A.; Cf. F.R.C.P. 4(a). In Connecticut, however, an action is generally considered to have been commenced at and not before the time when process is served on the defendant. Consolidated Motor Lines v. M. & M. Transportation Co., 128 Conn. 107, 20 A.2d 621. It is the defendants' position that the statute of limitations was a bar because the year had passed when service was made. The plaintiffs, on the other hand, contend that since the statutes of limitations provide only that an action must be "brought" within a specified period and since F.R.C.P. 3 provides that an action is deemed "commenced" when the complaint is filed, the filing of the complaints here was sufficient to toll the statute.

█ Previous decisions in the federal courts as to this point apparently have turned on a distinction as to the wording of the various state statutes of limitations. 1 Barron and Holtzoff Sec. 163; 2 Moore's Federal Practice (2d Ed.) Sec. 3.07. Where, as an integral part of the applicable statute of limitations, the legislature has specified what must be done to *bring* an action within the period of limitations, the courts have held that the statute is not tolled until the action is brought as the statute directed. Ragan v. Merchants Transfer Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520; Zuckerman v. McCulley, 8 Cir., 1948, 170 F.2d 1015; Nola Electric Co. v. Reilly, D.C.S.D.N.Y., 1948, 93 F.Supp. 164; cf. Krisor v. Watts, D.C.E.D.Wisc. 1945, 61 F.Supp. 845. But where the statute merely specifies that the action may not be brought but within a specified period, without specifying by what acts an action is "brought", federal courts have said that, pursuant to F.R.C.P. 3, the filing of the complaint tolls the statute. Cf. Isaacks v. Jeffers, 10 Cir., 1944, 144 F.2d 26, certiorari denied 323 U.S. 781, 65 S.Ct. 270, 89 L.Ed. 624, and cases cited therein; Bomar v. Keyes, 2 Cir.,

1947, 162 F.2d 136, certiorari denied 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400, rehearing denied 332 U.S. 845, 68 S.Ct. 266, 92 L.Ed. 416. The courts have proceeded thus on the theory that unless the statute of limitations specifically provides by what procedure an action must be so brought as to toll the statute, the manner of commencing the action and serving process is a matter of procedural law only. Merchants Transfer & Warehouse Co. v. Ragan, 10 Cir., 1948, 170 F.2d 987, 992.

█ There is no Connecticut statute specifying the point at which action commences, nor does any Connecticut statute of limitations specify what must be done to constitute such a bringing of action as to toll the statute of limitations. The Connecticut rule, previously stated, that action commences when process is served finds its basis solely in the decisions of the Connecticut courts which fix not the measure of statutory rights but only the procedure for their enforcement. Consolidated Motor Lines, Inc., v. M & M Transportation Co., 128 Conn. 107, 20 A.2d 621 and cases cited therein. I hold, therefore, that the point at which action was "brought" within the meaning of the statute of limitations is a procedural question to be determined by applying F.R.C.P. 3 rather than the Connecticut decisional law. Hence, the statute of limitations was tolled by the filing of the complaint in the Clerk's office. The motions must be denied.

This conclusion I think not in essential conflict with the Ragan case, cited supra. In its opinion in the Ragan case, the Supreme Court appears to rest its holding on the finding by the Court of Appeals that a Kansas statute specifying that an action shall be deemed commenced when summonses are served, was "an integral part of the Kansas statute of limitations." 337 U.S. 530, 534, 69 S.Ct. 1233, 1235, 93 L.Ed. 1520. And that such was the finding of the Court of Appeals plainly appears from its opinion, 10 Cir., 170 F.2d 987, 992. Indeed, the Court of Appeals found that in Kansas the statutory provision that an action is brought not until service of summons "has application only to the statute of limitations." Id., 170 F.2d 992.

904

That situation was essentially different from that existing in Connecticut where the legislature was content to set the policy of the state by fixing only the period of time within which an action must be brought to toll the pertinent statute of limitations, leaving it to the courts of Connecticut to determine the procedural question as to when an action is deemed to have been "brought". And the procedural question has been considered and decided by the courts not alone for its impact on the statute of limitations. Indeed, the first case cited to the point in Connecticut was Clark v. Helms, 1791, 1 Root 486. There, no question of a statute of limitations was involved: the court's holding that an action is not commenced till service on the defendant, was made in sustaining a plea in abatement. In Holdridge v. Wells, see 4 Conn. 151 note (a), the ruling was made for its impact on the timeliness of a tender. In Jencks v. Phelps, 4 Conn. 149, the question was again treated as one of procedure quite apart from any statute of limitations. In Spalding v. Butts, 6 Conn. 28, the question for the first time was considered for its impact upon a statute of limitations: it was viewed, however, as essentially procedural. And in Consolidated Motor Lines v. M & M Transportation Co., 128 Conn. 107, 20 A.2d 621, where the problem was to determine when an action brought by counterclaim operated to toll the statute of limitations, the holding was that the action was brought upon the timely filing of the counterclaim with the answer in the clerk's office or, if the time for such a filing had passed, upon the notice to the plaintiff of a filing of defendant's motion for permission to make such a filing.

When the legislature and courts of Connecticut have thus viewed as procedural the problem of determining when under state practice an action is brought, the procedural rulings which have emerged from the courts of the state I hold not within the doctrine of the Erie Railroad case. It follows that F.R.C.P. Rule 3 is applicable: the actions were "brought" when the complaints were filed.

It Is Accordingly Ordered that the motions be denied.