**Barbara REISINGER, a minor of Jersey City, County of Hudson, State of New Jersey, who sues herein by and through her father and next friend, Albert Reisinger, Plaintiff,**

v.

**James M. CANNON, Jr. of the Town of Hamden, County of New Haven, and State of Connecticut, Defendant.**

Civ. No. 4747.

United States District Court,
D. Connecticut.
April 13, 1954.

---

J. W. Curran, Branford, Conn., for plaintiff.

Schofield & Fay, Hartford, Conn., for defendant.

SMITH, Chief Judge.

This is a motor vehicle negligence personal injury damage action, founded on diversity of citizenship. The collision on which the claim is based occurred in Connecticut January 24, 1953. Complaint was filed in this court January 23, 1954, summons issued and personally served January 25, 1954.

Defendant appeared and answered, setting up as a special defense the Connecticut one-year statute of limitations, Gen.St.1949, § 8324. Defendant now moves for summary judgment on the ground that the action was "brought" under state law only on service, relying on Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520.

In the Ragan case, however, the state statute specifically defined the definition to be applied to commencement of an action for the purpose of the statute of limitations, so that the definition became an integral part of the statute.

That is not the case here. See Glebus v. Fillmore, D.C.D.Conn., 104 F.Supp. 902.

Connecticut has not made a part of its statute of limitations any statutory provision specifying when an action shall be deemed commenced for the purpose of the statute of limitations. The Connecticut courts hold in general that the time an action is commenced is when service is effected. That, however, is a matter of procedure, and while Connecticut courts so measure the running of the statute of limitations, they do so because in their procedure they so consider the time of commencement of an action.

There is no statutory freezing of that definition as an integral part of the statute of limitations.

To hold that the Connecticut courts' definition of the time an action commences under their practice must override the Federal rule in Federal practice would extend the Erie doctrine further than the Ragan case, in the undesirable direction of conformity in procedure with state practice which we thought we had abandoned for uniformity under one set of Federal Rules.

It is particularly significant in the case at bar that the Connecticut practice in issue of writs differs in its steps from Federal practice.

Since every member of the bar, as a commissioner of the Superior Court, issues writs for service prior to their first return to court, the first notice, direct or indirect, the defendants or the Court receive of the action in the state practice is service of the writ.

In the Federal practice, the complaint is filed before the writ issues, so that the case is brought within the cognizance of the court at the time the complaint is filed.

Since the state statute depends on "bringing" of the action rather than a particular type or order of service to stop the running of the statute of limitations, we should not by implication add the requirement that a particular act in the Federal practice be given a different significance procedurally from that which the Federal rule itself gives it.

The action here was timely "brought" upon the filing of the complaint. Glebus v. Fillmore, supra.

The motion for summary judgment is denied.