**Thomas COCCO, M.D., Plaintiff,**

v.

**PREFERRED MUTUAL INSURANCE CO. and St. Paul Fire and Marine Insurance, Defendants.**

Civ. A. No. B–84–684 (RCZ).

United States District Court,
D. Connecticut.

June 4, 1986.

Sigmund L. Miller, Miller & Rosnick, Bridgeport, Conn., for plaintiff.

John J. Cotter, Cotter, Cotter, & Sohon, Bridgeport, Conn., for defendant Preferred Mut.

Frank A. May, Monstreamn Brown & May, Glastonbury, Conn., for St. Paul Fire & Marine.

### RULING ON MOTIONS FOR SUMMARY JUDGMENT

ZAMPANO, Senior District Judge.

This is a diversity action by a physician against two insurance companies arising from their decisions not to honor the physician's claims, under separate policies of insurance, for losses resulting from a fire at his place of business. Plaintiff's complaint alleges four counts against each defendant: breach of contract (Counts 1 and 2); violation of the Unfair Claim Settlement Act, Conn.Gen.Stat. § 38–61(6)(a) and (d) (Counts 3 and 4); violation of the Unfair Trade Practices Act, Conn.Gen.Stat. § 42–

110b (Counts 5 and 6); and breach of the implied covenant of good faith and fair dealing (Counts 7 and 8).

The defendants have moved for summary judgment on the ground that plaintiff failed to institute suit within the one-year limitation of action condition permitted by state law and set forth in the relevant insurance policies, and that he is therefore time barred from any recovery in the instant suit. *See* Conn.Gen.Stat. §§ 38–27, 38–98. The Court agrees and grants summary judgment in favor of the defendants.

## DISCUSSION

The following facts are uncontested.[1]

Plaintiff's fire loss occurred on November 16, 1983, while his policies with the defendants were in full force and effect. On October 25, 1984 plaintiff filed his complaint in federal court, and, on December 5, 1984, the defendants were served by substituted service upon the state insurance commissioner.

Connecticut General Statute § 38–98, which governs the language of the fire insurance policies at issue, provides for a one-year period of limitations.[2] *See Zieba v. Middlesex Mutual Assurance Co.*, 549 F.Supp. 1318, 1322 (D.Conn.1982) (citing *Monteiro v. American Home Assurance Co.*, 177 Conn. 281, 283, 416 A.2d 1189, 1190 (1979)). Moreover, another section of Connecticut's Insurance Law, Conn.Gen. Stat. § 38–27, specifically permits a one-year period of limitation in the type of

insurance contracts issued to plaintiff by the defendants.[3]

Applying the limitation period to the instant facts, it is apparent that, while plaintiff filed suit within one year from the date of the loss, he failed to serve the defendants within that time. Because under Connecticut case law a suit is deemed commenced at the time of service, *Consolidated Motor Lines, Inc. v. M & M Transportation Co.*, 128 Conn. 107, 109, 20 A.2d 621, 622 (1941), the instant suit must be dismissed as untimely.

Plaintiff, however, contends that Rule 3 of the Federal Rules of Civil Procedure, which provides that a civil action is commenced by filing a complaint, controls and renders his suit timely.

On this issue the Supreme Court's decision in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), is dispositive. In *Walker*, as here, the issue presented was whether a federal court sitting in diversity should follow state law or, alternatively, Fed.R.Civ.P. 3, in determining when an action is commenced for the purpose of tolling a limitations period. *Id.* at 741, 100 S.Ct. at 1980. Relying on its prior decisions in *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), *Walker* held that in the absence of a federal rule directly on point, state service requirements which are an integral part of the state statute of limitations should control in an action based on state law which is

---

**1.** The Court notes that each of the parties failed to comply with Local Rule 9(c), which provides that separate statements setting forth uncontested and contested material facts must accompany summary judgment papers.

**2.** Conn.Gen.Stat. § 38–98 provides, in relevant part, that

    The standard form of fire insurance policy of the state of Connecticut ... shall be as follows:

       .    .    .    .    .

    Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been

complied with, and unless commenced within twelve months next after inception of the loss. The policies issued by the defendants, consistent with Section 38–98, essentially provide that the insured must commence any suit on the policies within one year of a loss.

**3.** Conn.Gen.Stat. § 38–27 provides, in relevant part, as follows:

    Limitation on suits.

    No insurance company doing business in this state shall limit the time within which any suit shall be brought against it ... on ... (e) all other policies to a period less than one year from the time when the loss insured against occurs.

filed in a federal court under diversity jurisdiction. *Walker*, 446 U.S. at 752–53, 100 S.Ct. at 1986.[4]

■ The requirements of *Walker* are satisfied in the instant case. First, there is no federal rule directly on point. Rule 3 governs the date from which various time requirements of the Federal Rules begin to run, but does not affect state statutes of limitations. *Id.* at 751, 100 S.Ct. at 1985–86.[5]

■ Second, Connecticut's service requirements are an integral part of the one-year limitation period set forth in its Insurance Law. As stated by the Connecticut Supreme Court:

> From a very early date in this state the time when the action is regarded as having been brought is the date of service of the writ upon the defendant. That, in

our judgment, is the sounder rule, because only thus is the defendant put upon notice of the purpose of the plaintiff to call upon him to answer to the claim in court.

*Consolidated Motor Lines*, 128 Conn. at 109, 20 A.2d at 622; *see also Broderick v. Jackman*, 167 Conn. 96, 99, 355 A.2d 234, 235 (1974), and cases cited therein.[6] Thus, as with the Oklahoma statute at issue in *Walker*, the pronouncement by Connecticut courts that an action is commenced at the time of service represents a substantive decision that

> ... actual service on, and accordingly actual notice by, the defendant is an integral part of the several policies served by the state statute of limitations. The statute of limitations establishes a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of

**4.** The *Walker* Court granted certiorari to resolve a conflict among the Courts of Appeals. *Id.* at 744 n. 6, 100 S.Ct. at 1982 n. 6. While plaintiff's papers ignore *Walker*, that decision specifically noted and impliedly overruled two Second Circuit decisions, *Sylvestri v. Warner & Swasey Co.*, 398 F.2d 598 (2 Cir.1968) and *Ingram v. Kumar*, 585 F.2d 566, 568 (2 Cir.1978), *cert. denied*, 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979), which had applied federal rather than state law and upon which plaintiff now attempts to rely.

**5.** Given this narrow interpretation of the scope of Fed.R.Civ.P. 3, the *Walker* Court was not constrained by the earlier decision in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), because it found there to be no "direct collision" between Fed.R.Civ.P. 3 and state law. *Walker*, 446 U.S. at 749–52, 100 S.Ct. at 1984–86. *Hanna*, in contrast, held that in a diversity action where there was a direct clash between the manner of service prescribed in Fed.R.Civ.P. 4(d)(1) and a state law's in-hand service rule, the Federal Rule governed.

**6.** The Court agrees with the defendants that the result in the instant case should not differ from that in *Walker* by virtue of the fact that the Oklahoma law with regard to the commencement of an action at issue in *Walker* was statutory, while Connecticut's law with regard to the commencement of an action has been established through case law. *See, e.g.,* Memorandum in Support of Defendant St. Paul Fire & Marine Insurance Company's Motion for Summary Judgment at 6–10. This approach appears

consistent with the Supreme Court's holding in *West v. American Telephone and Telegraph Co.*, 311 U.S. 223, 236–37, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940), that in a diversity action, state court decisions as well as state statutes comprise the law of the state. Moreover, as argued by the defendant St. Paul, in 1967 the Connecticut legislature implicitly adopted Connecticut's judicially imposed commencement of an action rule by creating an exception to it. *See* 1 E. Stephenson, *Connecticut Civil Procedure* § 34, at 129–30 (2d ed. 1970). That exception is codified in Conn.Gen.Stat. § 52–593a, and allows for an action to be brought after the limitations period has run so long as the process to be served is delivered to a sheriff's office or another officer authorized to serve process within the time limited by law, and the process is served within fifteen days of the date of delivery.

The Court notes that two cases cited by plaintiff, *Glebus v. Fillmore*, 104 F.Supp. 902, 903 (D.Conn.1952) and *Reisinger v. Cannon*, 127 F.Supp. 50, 51 (D.Conn.1954), which interpreted *Ragan* to require application of state law in diversity suits only where a legislature had specifically established a method by which to commence an action, are inapposite, particularly in light of the more recent Supreme Court decision in *Walker* and that decision's emphasis on the policy aspects of the *Ragan* decision as controlling. *Walker*, 446 U.S. at 752–53, 100 S.Ct. at 1986; *accord Cambridge Mutual Fire Insurance Co. v. City of Claxton*, 720 F.2d 1230 (11 Cir. 1983); *Blaha v. A.H. Robins and Co.*, 708 F.2d 238 (6 Cir.1983).

time it is unfair to require the defendant to attempt to piece together a defense to an old claim. A requirement of actual service promotes both of those functions of the statute.... As such, the service rule must be considered part and parcel of the statute of limitations. Rule 3 does not replace such policy determinations found in state law.

*Id.* 446 U.S. at 751–52, 100 S.Ct. at 1985–86. *See also Zieba,* 549 F.Supp. at 1321.

Finally, application of Connecticut's service requirement in the instant case is consistent with the policies underlying *Erie* and *Ragan* and reaffirmed in *Walker. Id.* 446 U.S. at 752–53, 100 S.Ct. at 1986. Failure to apply Connecticut's service requirement would encourage forum shopping and would result in an inequitable administration of the law. As stated in *Walker:*

> There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants. The policies underlying diversity jurisdiction do not support such a distinction between state and federal plaintiffs, and *Erie* and its progeny do not permit it.

*Id.* at 753, 100 S.Ct. at 1986.

## CONCLUSION

Accordingly, the Court finds that plaintiff's failure to effect service upon the defendants within the one-year period set forth in Connecticut's Insurance Law and the relevant insurance policies, entitles the defendants to judgment as a matter of law. *See Combustion Engineering v. Consolidated Rail Corp.,* 741 F.2d 533, 536 (2 Cir.1984); Fed.R.Civ.P. 56(c). Summary judgment on behalf of the defendants is hereby GRANTED.

SO ORDERED.