893 F.2d 513
 Marshall G. CONVERSE, Individually and as Administrator of
the Estate of Austin D. Converse, Deceased and
Jordan D. Converse, Deceased and Maria
Converse, Plaintiffs,
Marshall G. Converse, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Hamill Manufacturing Co.,
Firestone Tire and Rubber Co., Century Products,
Inc., and Gerber Products Co.,
Defendants-Appellees.
 No. 434, Docket 89-7702.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 28, 1989.
Decided Jan. 10, 1990.
 
 J. Daniel Sagarin, Milford, Conn. (Hurwitz & Sagarin, Milford, Conn., of counsel), for plaintiff-appellant.
 Philip S. Walker, Hartford, Conn., and Susan T. Dwyer, New York City (John S. Haverstock, Day Berry & Howard, Hartford, Conn., Herrick, Feinstein, New York City, Edward J. Holahan, Bridgeport, Conn., Gerald H. Cooper, Orange, Conn., of counsel), for defendants-appellees.
 Before KEARSE, ALTIMARI, and MAHONEY, Circuit Judges.
 ALTIMARI, Circuit Judge:
 
 
 1
 The central question presented by this appeal is whether Connecticut state law governs the manner in which a federal diversity case arising under Connecticut law is to be considered commenced for purposes of the state statute of limitations, Conn.Gen.Stat.Ann. Sec. 52-577a (West Supp.1989). Plaintiff-appellant Marshall G. Converse appeals from a summary judgment dismissing his complaint, entered in the United States District Court for the District of Connecticut (Warren Eginton, Judge).
 
 
 2
 Converse sought to recover damages in a products liability suit against General Motors Corporation, Hamill Manufacturing Company, and Firestone Tire and Rubber Company (collectively, "the defendants"). The suit initially included Century Products, Inc. and Gerber Products Co. as defendants, but Converse subsequently withdrew the actions against them. The defendants moved for summary judgment, asserting that Converse's claim was time-barred since the complaint had not been served until after the statute of limitations expired. Converse admitted that the complaint was not served until after the expiration of the limitations period. In his view, however, Fed.R.Civ.P. 3 provides that federal diversity actions should be commenced by filing the complaint with the court, not by serving the complaint.
 
 
 3
 The district court adopted the conclusion of the magistrate that the Connecticut actual service rule, not Fed.R.Civ.P. 3, provides the manner in which Converse should have commenced his suit for statute of limitations purposes. Accordingly, the district court granted the defendants' motion for summary judgment, dismissing Converse's complaint as barred by the Connecticut statute of limitations.
 
 
 4
 On this appeal, as in the district court, Converse argues that the Connecticut actual service requirement is not integral to the state statute of limitations and that Fed.R.Civ.P. 3 provides the manner in which the statute of limitations period is satisfied in diversity actions. For the reasons set forth below, we affirm the judgment of the district court.
 
 BACKGROUND
 
 5
 On March 25, 1984, Austin and Jordan Converse were killed in a multiple vehicle automobile accident. Marshall Converse, the father of Austin and Jordan Converse, subsequently instituted an action against the defendants, claiming that the children's fatal injuries were caused by the infant car seat manufactured and distributed by defendants. Converse's complaint, brought under the Connecticut Product Liability Act, Conn.Gen.Stat.Ann. Sec. 52-572m et seq. (West Supp.1989), alleged that the design of the infant car seat was unreasonably dangerous in lateral-impact collisions. The complaint was filed with the district court clerk on March 11, 1987, fourteen days before the expiration of the applicable three-year statute of limitations, Conn.Gen.Stat.Ann. Sec. 52-577a (West Supp.1989). However, Converse did not serve the complaint on the defendants until March 30, 1987, some five days after the statute of limitations had expired.
 
 
 6
 The defendants moved for summary judgment on the basis that, under Connecticut law, Converse's failure to serve the complaint within the limitations period barred the action. In contrast, Converse argued that Fed.R.Civ.P. 3, which states that "[a] civil action is commenced by filing a complaint with the court," provides the manner in which to satisfy the Connecticut statute of limitations in diversity cases. Under this view, Converse's action was timely commenced since the complaint was filed with the district court prior to the expiration of the statute of limitations.
 
 
 7
 Defendants' motion for summary judgment was referred to Magistrate Eagan for a recommended ruling. The magistrate, applying the longstanding Connecticut rule that an action is considered commenced by service on the defendants, not by filing the complaint, considered Converse's action time-barred. Following a de novo review, the district court adopted the ruling of the magistrate and, accordingly, granted the defendants' motion for summary judgment dismissing the complaint.
 
 DISCUSSION
 
 8
 On this appeal, as in the district court, Converse contends that Fed.R.Civ.P. 3 provides the manner in which a diversity action based on Connecticut law is considered commenced for purposes of the Connecticut statute of limitations, Conn.Gen.Stat.Ann. Sec. 52-577a (West Supp.1989). We disagree.
 
 
 9
 In reviewing a grant of summary judgment, we must inquire whether the district court properly concluded that "no genuine issue as to any material fact" existed, thereby entitling the movant to "judgment as a matter of law." Fed.R.Civ.P. 56(c). "Summary judgment is appropriate when, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the nonmoving party." Murray v. National Broadcasting Co., 844 F.2d 988, 992 (2d Cir.), cert. denied, --- U.S. ----, 109 S.Ct. 391, 102 L.Ed.2d 380 (1988). See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).
 
 
 10
 It is well established that the doctrine enunciated in Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), applies to the manner in which a diversity action is considered commenced for purposes of state statutes of limitations. In Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), the Court held that the Kansas statute requiring service of process to commence an action, not Fed.R. Civ.P. 3, controlled in a diversity action. "Since [the] cause of action is created by local law, the measure of it is to be found only in local law.... It accrues and comes to an end when local law so declares." Id. at 533, 69 S.Ct. at 1234. This decision was reaffirmed by the holding in Walker v. Armco Steel Corp., 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), that "in the absence of a federal rule directly on point, state service requirements which are an integral part of the state statute of limitations should control in an action based on state law which is filed in federal court under diversity jurisdiction." Id. at 752-53, 100 S.Ct. at 1986. Because Fed.R.Civ.P. 3 does not "purport[] to displace state tolling rules for purposes of state statutes of limitations," id. at 750-51, 100 S.Ct. at 1985, state rules integral to the state statute of limitations govern in diversity actions. See 2 Moore's Federal Practice p 3.09, at 3-78 to 3-80 (1989). Cf. Hanna v. Plumer, 380 U.S. 460, 470, 85 S.Ct. 1136, 1143, 14 L.Ed.2d 8 (1965) (Fed.R.Civ.P. 4(d)(1) (method of service) "unavoidabl[y]" clashes with state rule and must be applied in diversity action; state law would apply if "no Federal Rule ... covered the point in dispute").
 
 
 11
 Converse's claim was brought under the Connecticut Product Liability Act, Conn.Gen.Stat.Ann. Sec. 52-572m et seq. (West Supp.1989). In relevant part, the statute of limitations for such claims provides that "[n]o product liability claim as defined in 52-572m shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered." Conn.Gen.Stat.Ann. Sec. 52-577a (West Supp.1989). Absent from the Connecticut statute is any provision setting forth the manner in which a claim is considered "brought." However, the Connecticut Supreme Court has long adhered to the rule that only actual service upon the defendant will satisfy the state statutes of limitations. In Consolidated Motor Lines, Inc. v. M & M Transp. Co., 128 Conn. 107, 20 A.2d 621 (1941), the Connecticut Supreme Court stated:
 
 
 12
 From a very early date in this state the time when the action is regarded as having been brought is the date of service of the writ upon the defendant. That, in our judgment, is the sounder rule, because only thus is the defendant put upon notice of the purpose of the plaintiff to call upon him to answer to the claim in court.
 
 
 13
 20 A.2d at 622 (citations omitted). See Jencks v. Phelps, 4 Conn. 149, 152 (1822); see also McGaffin v. Roberts, 193 Conn. 393, 479 A.2d 176, 180-81 n. 9 (1984), cert. denied, 470 U.S. 1050, 105 S.Ct. 1747, 84 L.Ed.2d 813 (1985); Valley Cable Vision, Inc. v. Public Utilities Comm'n, 175 Conn. 30, 392 A.2d 485, 487 (1978); Broderick v. Jackman, 167 Conn. 96, 355 A.2d 234, 235 (1974); Cocco v. Preferred Mutual Ins. Co., 637 F.Supp. 94, 96 (D.Conn.1986) ("[T]he pronouncement by Connecticut courts that an action is commenced at the time of service represents a substantive decision....").
 
 
 14
 Converse concedes that the complaint was not served on defendants until after the statute of limitations expired. However, he contends that, unlike the Kansas statute in Ragan and the Oklahoma statute in Walker, the judicially created Connecticut service of process requirement is not integral to Connecticut's statute of limitations. This contention rests on two cases, Glebus v. Fillmore, 104 F.Supp. 902 (D.Conn.1952), and Reisinger v. Cannon, 127 F.Supp. 50 (D.Conn.1954). However, the determination in those cases that the service of process requirement is not integral to the Connecticut statute of limitations mistakenly rested on the fact that the manner in which the statute of limitations could be satisfied was not to be found in any statutory provision. Glebus, 104 F.Supp. at 903; Reisinger, 127 F.Supp. at 51. To that extent, the analysis set forth in those cases ignores the equivalence, for Erie purposes, of statutory provisions and pronouncements of the highest state court. Erie R.R., 304 U.S. at 78, 58 S.Ct. at 822. See West v. American Tel. & Tel. Co., 311 U.S. 223, 236, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940) ("[T]he rules of decision established by judicial decisions of state courts are 'laws' as well as those prescribed by statute.").
 
 
 15
 More importantly, the cases upon which Converse relies pre-date Walker v. Armco by more than twenty-five years and, therefore, were decided without the insight provided in that case. In Walker, the Supreme Court recognized the connection between the service of process requirement and the important state policies underlying the statute of limitations:
 
 
 16
 The statute of limitations establishes a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim. A requirement of actual service promotes both of those functions of the statute.... As such, the service rule must be considered part and parcel of the statute of limitations.
 
 
 17
 Walker, 446 U.S. at 751-52, 100 S.Ct. at 1986 (emphasis added). The intimate relationship between the purposes served by a state statute of limitations and its actual service requirement suggests the integrality of the service requirement. See Morse v. Elmira Country Club, 752 F.2d 35, 38 (2d Cir.1984) ("[T]he running of limitations in this [diversity] case is governed by the New York rule that limitations is tolled only by service of process...."); see also Fischer v. Iowa Mold Tooling Co., 690 F.2d 155, 157 (8th Cir.1982) ("Walker v. Armco Steel has laid to rest the notion that Rule 3 can ever be used to toll a state statute of limitations in a diversity case arising under state law."); 2 Moore's Federal Practice p 3.09, at 3-78 to 3-80 (1989).
 
 
 18
 Converse claims that, while not directly applicable to his situation, the state "saving" statute, Conn.Gen.Stat.Ann. Sec. 52-593a (West Supp.1989), demonstrates a Connecticut policy of lenient application of the statute of limitations to plaintiffs. Section 52-593a, in relevant part, provides:
 
 
 19
 [A] cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery.
 
 
 20
 However, this statutory exception to the expiration of the limitations period should not be judicially extended to cases, such as this one, in which process was not delivered to an authorized officer or sheriff. Moreover, as Judge Zampano concluded in Cocco v. Preferred Mutual Ins. Co., section 52-593a suggests that "the Connecticut legislature implicitly adopted Connecticut's judicially imposed commencement of an action rule by creating an exception to it." 637 F.Supp. at 96 n. 6 (citing 1 E. Stephenson, Connecticut Civil Procedure Sec. 34, at 129-30 (2d ed. 1970)).
 
 
 21
 Finally, the decision in this case is consonant with the policies expressed in Erie R.R. Co. v. Tompkins and its progeny. "There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants." Walker, 446 U.S. at 753, 100 S.Ct. at 1986.
 
 CONCLUSION
 
 22
 We have examined each of Converse's remaining arguments and find them to be without merit. In light of the foregoing, we affirm the judgment of the district court.