[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 31, 1995
Plaintiff Robert J. Wanta has filed a summary process complaint against the defendant Lois R. Wells, alleging that she failed to pay rent for the month of March 1994 and, therefore, violated their month-to-month lease arrangement for use and occupancy of a condominium which he owned. He has served a notice to quit possession of the premises, and the defendant has remained on the premises despite the lapse of time called for in the notice to quit possession.
Defendant Lois Wells has filed an Amended Answer, Counterclaim and Set Off. In her Amended Answer defendant Lois Wells denies that she failed to tender financial consideration to plaintiff Robert Wanta. Moreover, defendant Lois Wells's Counterclaim asserts that the parties' relationship was never one of landlord-tenant, but was a personal and intimate relationship which began in 1969 and has continued on and off since then. The defendant further asserts that she and the plaintiff have two adult children together, and that they at all times material have shared a domestic and cohabitant relationship. Defendant Lois Wells further claims that she wrote an agreement showing a $2,000 security deposit and monthly rent of $500 to satisfy mortgage requirements for the purchase of the condominium.
In addition, the defendant claims that she has been making regular monthly payments in the amount of $450 since August of 1994 for the purpose of satisfying the financial obligations relative to the mortgage, taxes and utilities. In her prayer for relief, the defendant seeks a declaration that the parties are joint, beneficial owners of the condominium; she seeks sole possession of the condominium, as well as her proportionate share of net proceeds upon the sale of the condominium.
On May 31, 1994, the plaintiff withdrew his complaint. Nevertheless, the plaintiff in his response to the CT Page 2510-O defendant's Counterclaim and Set Off denies that the relationship was not landlord-tenant. Furthermore, the plaintiff claims that the defendant's Counterclaim is in the nature of a partition and foreclosure and that the Housing Court lacks jurisdiction to consider the matter.
The defendant has filed a Motion for Determination of remedy. The Court construes its role in responding to the Motion as one of deciding whether the Housing Division of the Superior Court retains subject matter jurisdiction when a summary process action before the court includes issues in dispute that do not fall within the list of "housing matters" enumerated in Connecticut General Statutes § 47a-68 and involves a counterclaim seeking an equitable remedy; and/or whether the case is served more appropriately by transfer to another division of the Superior Court.
Connecticut Practice Book § 2 recognizes the divisions of the Superior Court in its statement that "[t]he Superior Court shall be divided into four divisions: family, civil, criminal and housing." Connecticut Practice Book § 5A states that
 [t]he housing division of the Superior Court shall consist of the following part: (1) "housing matters as defined by General Statute § 47a-68."
Among the "housing matters" enumerated in Connecticut General Statute § 47a-68 is summary process. Connecticut General Statute § 47a-1(d) defines "Landlord" as "the owner, lessor or sublessor of the dwelling unit, the building of which it is a part or the premises;" and § 47a-1(1) defines "Tenant" as "the lessee, sublessee or person entitled under a rental agreement to occupy a dwelling unit or premises to the exclusion of others or as is otherwise defined by law." An "occupant" is "one who has actual use, possession or control of a thing." Black's Law Dictionary 973 (5th ed. 1979). As stated earlier, although defendant Lois Wells acknowledges her occupant status, she adamantly denies being a tenant.
Connecticut General Statute § 47a-70 requires that CT Page 2510-P "all proceedings involving a housing matter . . . shall first be placed on the housing docket." As a "housing matter" within the purview of Connecticut General Statutes § 47a-68 and § 47a-70, an action for summary process must begin on the housing docket. The rules established by the Connecticut Practice Book regarding the various divisions of the Superior Court are flexible in that they are to "[b]e interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." Connecticut Practice Book, § 6.
Additionally, the Connecticut Supreme Court has interpreted the intent and purpose of the statutes and rules as designed ". . . [n]ot to impose any jurisdictional limitation on judges, but to achieve greater efficiency in the administration of the judicial department."Savage v. Aronson, 214 Conn. 256, 262 (1990). Furthermore, the Supreme Court in Savage, supra, recognized that a Superior Court judge assigned to hear housing matters ". . . does not lose his general authority to hear any cause of action pending in that court." Id. at 263.
Certainly, the filing of a counterclaim seeking from the court a declaration that the plaintiff and the defendant are joint and beneficial owners of the premises in dispute does not place this matter beyond the jurisdiction of the housing court. The Supreme Court of Connecticut addressed this issue in Fellows v.Martin, 217 Conn. 57, 584 A.2d 458. In Fellows v.Martin, supra, the plaintiff sought, by way of summary process, to recover possession of real property leased to the defendant for a term of 99 years. The defendant made an advance rental payment of $9,900 at the execution of the lease and withheld $25 from one of her $500.01 monthly rent checks because of a dispute over parking accommodations. The defendant filed a counterclaim which raised equitable considerations. The trial court found for the plaintiff, and the Supreme Court found error in that the trial court refused to prevent forfeiture on equitable grounds. Historically, summary process defendants could not raise equitable or legal counterclaims. The court in Fellows recognizes that today however, ". . . numerous Connecticut CT Page 2510-Q courts have concluded that defendants in summary process actions may raise equitable defenses and counterclaims." Id. at 61. Additionally, ". . . once, any equitable claim has been raised, the court retains its equitable jurisdiction to consider all of the equities before it in order to render complete justice." Id. at 64 (citations omitted).
In passing the court notes that the withdrawal of the plaintiffs complaint does not deprive the housing division of jurisdiction over the defendant's counterclaim. Connecticut Practice Book § 169 states that "[t]he withdrawal of an action after a counterclaim, whether for legal or equitable relief, has been filed therein shall not impair the right of the defendant to prosecute such counterclaim as fully as if said action had not been withdrawn . . ." Furthermore, our Supreme Court has recognized that ". . . the filing of the answer is the commencement of the action set up in thecounterclaim." (Emphasis added.)" Consolidated MotorLines, Inc. v. MM Transportation Co., 128 Conn. 107,109 (1941).
Additionally, in the case of Bailey v. Mars,138 Conn. 593, 87 A.2d 388 (1952), the Supreme Court of Connecticut held that "As a general rule, jurisdiction once acquired is not lost or divested by subsequent events." Id. at 601.
The Appellate Court of Connecticut addressed questions of jurisdiction and the discretion to transfer housing cases in the matter of Southland Corporationv. Sheridan Vernon, 1 Conn. App. 439, (1984). In SouthlandCorporation, a franchisor/lessor of a 7-Eleven store brought a summary process action against the defendant, a franchisee/lessee. The summary process action was filed in the housing division of the Superior Court. The plaintiff delivered a notice of termination, claiming several breaches of the franchise agreement. The defendant brought a separate action for an injunction against the termination of the franchise, as well as for money damages, in the civil division of the Superior Court in the judicial district of Hartford-New Britain at Hartford. The latter court denied defendant's motion for a temporary injunction and the CT Page 2510-R defendant continued to occupy the premises. The trial judge in the summary process action granted a motion to dismiss on the ground that the questions involved were too complex for summary process. On appeal, the Appellate Court ruled that, in light of the changes in legislative and judicial policy, the trial court erred in dismissing the summary process action.
In Southland Corporation, supra, the Appellate Court noted that summary process actions traditionally were tried by justices of the peace in city courts; and that therefore, it was not the legislator's intent for them to embrace complicated legal or factual questions. after conceding the historical limitations of the use of summary process, the court acknowledged that ". . . because of the merger of all trial courts into the Superior Court and the creation of the broad jurisdiction of its housing division, defenses involving complex equitable issues are now permitted." Id. at 447.
In Southland Corporation, supra, the Appellate Court further interpreted the "statutory scheme" of Connecticut General Statutes § 47a-70 as including certain factors for consideration by the housing division judge when the issue of complexity is raised in a summary process action. The factors to be exercised by the judge includes,
 [t]he degree of complexity of the factual and legal issues, the likely time requirements for trial, the need for discovery and the degree of discovery which is reasonably required, whether complex defenses will be raised in good faith, the impact of hearing the case on the rest of the summary process docket, and whether other actions for similar relief are pending elsewhere. Id. at 449.
The Southland court expressed unqualified confidence in the ability of the housing division judges to "glean the wheat from the chaff" and not simply pass on complex summary process cases to the overcrowded dockets of other judicial district courts.
It is clear from the above-cited statutes, rules, and the Court decisions in Savage v. Aronson, supra, CT Page 2510-SFellows v. Martin, supra, and Southland Corporation v.Sheridan Vernon, supra, that the housing division is not precluded from retaining jurisdiction over this cause of action. It is further clear beyond cavil that the Connecticut General Statutes, the Connecticut Practice Book and Connecticut case law also leave to the judge assigned to the housing division the decision as to whether or not a matter shall remain on the housing division docket or be transferred to the regular docket of a geographical area or judicial district court. See Connecticut General Statutes Section 47a-70(a), and Connecticut Practice Book Section 212.
Upon the foregoing cases and authorities, this court concludes that it has jurisdiction of this action. The case at hand is properly before the housing division. This court finds that a consideration of the factors articulated in Southland Corporation, supra, suggests that this case ought to remain in the housing division.
Accordingly, this court will retain this case and provide the parties with a hearing on all pending issues.