GRACE SOMOHANO ET AL. *v.* BOBBY SOMOHANO
(11085)

DUPONT, C. J., DALY and O'CONNELL, Js.

Argued September 25—decision released November 3, 1992

*Kathryn L. Braun,* with whom, on the brief, was *Laurence V. Parnoff,* for the appellants (plaintiffs).

*Ruth Beardsley,* for the appellee (defendant).

O'CONNELL, J. This case arises from a Florida motor vehicle accident in which all the parties are Connecticut residents. The two year Connecticut statute of limitations[1] expired before this negligence action was commenced but prior to the expiration of the four year Florida statute of limitations.[2] The trial court granted the defendant's motion for summary judgment on the ground that the Connecticut statute of limitations applied. The trial court was correct. The established law of this state is that the statute of limitations is procedural and, therefore, the law of the forum applies. *Champagne* v. *Raybestos-Manhattan, Inc.,* 212 Conn. 509, 525, 562 A.2d 1100 (1989).

The plaintiffs urge us to overturn the established rule. This court will not reexamine or reevaluate Supreme Court precedent. Whether a Supreme Court holding

---

[1] The pertinent portion of General Statutes § 52-584 provides: "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained . . . ."

[2] The pertinent portion of Florida Statutes § 95.11 provides: "Actions other than for recovery of real property shall be commenced as follows:

\* \* \*

"(3) WITHIN FOUR YEARS.——

"(a) An action founded on negligence."

should be reevaluated in subsequent cases and possibly discarded is not for this court to decide. *D'Arcy* v. *Shugrue,* 5 Conn. App. 12, 29, 496 A.2d 967, cert. denied, 197 Conn. 817, 500 A.2d 1336 (1985).

The judgment is affirmed.

In this opinion the other judges concurred.