**Thomas L. SLEKIS, Plaintiff,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, Defendant.**

**No. 3:98CV01542 (GLG).**

United States District Court,
D. Connecticut.

June 14, 1999.

Donald W. McGill, McGill & McGill, Waterbury, CT, for plaintiff.

Michael T. Ryan, Ryan, Ryan, Johnson, McCaghey & Deluca, Stamford, CT, for defendant.

### MEMORANDUM DECISION

GOETTEL, District Judge.

This diversity case is brought by plaintiff, Thomas L. Slekis, for personal injuries he sustained from a manual lift used to assist him in disembarking an Amtrak passenger train in Montpelier, Vermont. Defendant National Railroad Passenger Corporation a/k/a Amtrak has moved for summary judgment [**Doc. # 9**] on statute of limitations grounds. For the reasons set forth below, defendant's motion is denied.

### Background

On August 3, 1996, the plaintiff, Thomas L. Slekis, who is a resident of Connecticut, was a passenger on an Amtrak train traveling from Hartford, Connecticut, to Montpelier, Vermont. Defendant is a railroad corporation organized and existing under the laws of the United States with a principal place of business in Washington, D.C. Defendant is a citizen only of the District of Columbia for purposes of determining original jurisdiction in the district courts of the United States. 49 U.S.C. § 24301(b).

Plaintiff is a paraplegic. Due to his disability, he required assistance in embarking and disembarking the train. When the train arrived at the Montpelier, Vermont station, defendant employed a hand-cranked lift to lower plaintiff's wheelchair from the train to the platform. In the process of lowering plaintiff's wheelchair, plaintiff's left foot was caught in the

metal frame of the lift. Plaintiff states that because of his paraplegia he experienced no feeling in his left foot, ankle or leg. Sometime thereafter, his ankle began to swell. He first sought medical treatment on August 11, 1996, at which time he discovered that he had fractured his left foot. Eventually, plaintiff's left lower leg required amputation.

By complaint dated July 31, 1998, plaintiff filed this diversity action in federal court against defendant, seeking damages for the injuries that he incurred allegedly as a result of defendant's negligence. Plaintiff's complaint was filed on August 3, 1998, two years to the day after the accident. A copy was sent by certified mail to the Secretary of the National Railroad Passenger Corporation in Washington, D.C., and to their Legal Claims Department in New Haven, Connecticut, on August 6, 1998. Defendant received the complaint on August 10, 1996.

Defendant contends that Connecticut's two-year statute of limitations for personal injuries, Conn.Gen.Stat. § 52–584, bars this action because, under Connecticut law, an action is not commenced until the writ of summons and complaint are served upon the defendant, which in this case was more than two years from the date of injury. Plaintiff counters that the statute of limitations of Vermont, the situs of the injury, should apply. Vermont has a three-year statute of limitations for personal injuries, 12 V.S.A. § 512. Moreover, plaintiff asserts that, even if this Court should hold that the two-year Connecticut statute of limitations applies, it is a discovery statute and does not commence to run until the plaintiff discovered that he had suffered "actionable harm," which was on August 11, 1996, when plaintiff first sought medical treatment. Defendant replies that, although plaintiff may not have known that he fractured his foot at the time of the accident, he clearly knew that he had sustained a crush injury, which was sufficient to commence the running of the statute of limitations.

## Discussion

As an initial matter, we address plaintiff's objection to defendant's motion for summary judgment that "pursuant to this Court's Order of Pretrial Deadlines the Defendant failed to request a premotion conference." This Court has no such Order. The Rule 26(f) Report of Parties' Planning Meeting jointly submitted by the parties requested modification of the deadlines in the Standing Order on Scheduling in Civil Cases and was "SO ORDERED" by this Court. This Order simply provides, as to the filing of dispositive motions, that they must be filed on or before July 3, 1999, which was done in this case. Therefore, we overrule plaintiff's objection to this motion for summary judgment on this basis and turn to the merits of defendant's motion.

### 1. Does the Statute of Limitations of Connecticut or Vermont Apply?

■ The initial issue that we address in whether the statute of limitations of Connecticut or Vermont applies. A federal court sitting in diversity must follow the choice-of-law rules of the forum state to resolve conflict-of-law questions. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *AroChem International, Inc. v. Buirkle*, 968 F.2d 266, 269–70 (2d Cir.1992); *Economu v. Borg–Warner Corp.*, 652 F.Supp. 1242, 1246 (D.Conn.), *aff'd*, 829 F.2d 311 (2d Cir.1987). Thus, Connecticut choice-of-law principles will apply to this case.

■ Under Connecticut law, statutes of limitations are considered procedural and thus Connecticut's own statutes of limitations will usually govern claims asserted in federal diversity cases in Connecticut. *Feldt v. Sturm, Ruger & Co.*, 721 F.Supp. 403, 406 (D.Conn.1989); *Baxter v. Sturm, Ruger & Co.*, 230 Conn. 335, 339, 644 A.2d 1297 (1994) (on certification from the Second Circuit); *Champagne v. Raybestos–Manhattan, Inc.*, 212 Conn. 509, 525, 562 A.2d 1100 (1989); *Somohano v. Somohano,*

29 Conn.App. 392, 393, 615 A.2d 181 (1992). There is, however, an exception to this rule "where the right of action did not exist at common law and the foreign statute of limitations is so interwoven with the statute creating the cause of action that forms the basis of action as to become one of the congeries of the elements necessary to establish the right, that limitation goes with the cause of action wherever brought." *Feldt,* 721 F.Supp. at 406 (quoting *Thomas Iron Co. v. Ensign–Bickford Co.,* 131 Conn. 665, 669, 42 A.2d 145 (1945)); *Baxter,* 230 Conn. at 340, 644 A.2d 1297.

■ Because plaintiff's complaint sounds in simple negligence, a cause of action recognized at common law and not created by statute, we find that a Connecticut court would consider the statute of limitations procedural and would apply the statute of limitations of the forum, Conn. Gen.Stat. § 52–584. Because we sit in diversity, we do likewise.

## 2. Does Federal or Connecticut Law Govern Commencement of the Action?

Having determined that a two-year limitations period applies, the next issue we must address is whether federal or state law governs commencement of the action. Under federal law, an action is commenced upon the filing of the complaint with the court. Rule 3, Fed.R.Civ.P. Connecticut, however, follows the actual service rule, under which an action is commenced only upon actual service on the defendant. *Consolidated Motor Lines, Inc. v. M & M Transp. Co.,* 128 Conn. 107, 20 A.2d 621 (1941); *Howard v. Robertson,* 27 Conn. App. 621, 625, 608 A.2d 711 (1992).

■ The Second Circuit has held that, in a diversity case, the doctrine enunciated in *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), applies to the manner in which a diversity case is considered commenced. *Converse v. General Motors Corp.,* 893 F.2d 513, 515–16 (2d Cir.1990). Thus, we apply the law of the forum state.

In *Converse,* 893 F.2d at 515–16, the Second Circuit, citing the Supreme Court's decision in *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), recognized the important relationship between a state's statute of limitations and the service of process requirement and held that Connecticut's actual service rule rather than Rule 3, Fed.R.Civ. P., governed the commencement of a diversity products liability action for purposes of determining whether the action was barred by the statute of limitations. *See also Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). Thus, actual service on the defendant was required to commence the action for statute of limitations purposes.

■ The next question we must consider is when defendant was served. In *Durrett v. Leading Edge Products, Inc.,* 965 F.Supp. 280 (D.Conn.1997), this Court held that, while state law controls the manner in which an action is considered to be commenced, it is federal law that determines the proper method of serving process. According to the federal statute creating Amtrak, 49 U.S.C. § 24301(b), Amtrak shall accept service of process by certified mail addressed to the Secretary of Amtrak at its principal office and place of business. In this case, service was effected upon Amtrak on August 10, 1998. Thus, we hold that this action was not commenced until August 10, 1998, which was more than two years after the date the accident occurred.

## 3. When Did the Statute of Limitations Begin to Run?

Having determined when the action was commenced for statute of limitations purposes, we must now look backwards to determine when the statute of limitations began to run in order to determine whether the action was commenced in a timely manner.

Section 52–584, Conn.Gen.Stat., provides in relevant part that "[n]o action to recover damages for injury to the person ... caused by negligence ... shall be brought but within two years from *the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered....* " (Emphasis added).

In defendant's Local 9(c)1 Statement, defendant states in paragraph 1, "The plaintiff was injured on August 3, 1996." Plaintiff admitted that statement. Plaintiff, however, by sworn affidavit, states that at the time of the "injury" he felt no pain because of his paraplegia and that he did not suffer an "actionable harm" until he received medical treatment on August 11, 1996, when he first learned that he had fractured his leg. Defendant claims that plaintiff knew that he had sustained a crush injury at the time the accident occurred. Despite the fact that this matter comes to us on a motion for summary judgment, defendant offers no evidentiary support for this statement other than citing to the complaint, which states that "plaintiff's left foot was caught in the metal frame of said lift causing said foot to be crushed and further causing severe and permanent injuries hereinafter set forth." (Pl.'s Compl. ¶ 8). Although plaintiff may have realized that his left foot was caught in the lift, it does not necessarily follow that he was aware of the fact that he had been injured as a result of this incident.

■ The Connecticut Supreme Court has repeatedly held that, under Conn.Gen. Stat. § 52–584, "injury" means "actionable harm" for statute of limitations purposes. *Catz v. Rubenstein,* 201 Conn. 39, 43–44, 513 A.2d 98 (1986); *Burns v. Hartford Hospital,* 192 Conn. 451, 458, 472 A.2d 1257 (1984). "The term 'injury' as used in § 52–584 does not mean mere physical injury but requires actionable harm, that is '[a] breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff....' " *Rivera v. Fairbank*

*Management Properties, Inc.,* 45 Conn. 154, 45 Conn.Supp. 154, 703 A.2d 808 (1997) (quoting *Catz,* 201 Conn. at 44, 513 A.2d 98). Section 52–584 is a "discovery rule" type of limitations statute, that is it begins to run when the plaintiff discovers or should have discovered his or her injury. *Hamilton v. Smith,* 773 F.2d 461, 465 (2d Cir.1985). Thus, actionable harm that could constitute an "injury" under this section occurs when the plaintiff discovers or should have discovered, in the exercise of reasonable care, that he or she suffered some physical injury and that the defendant's negligent conduct caused the injury. *Catz,* 201 Conn. at 43–44, 513 A.2d 98; *Hamilton v. Smith,* 773 F.2d at 464.

■ This case presents the somewhat unusual question of when the plaintiff, who was incapable of feeling pain due to his paraplegia, discovered or reasonably should have discovered that he had suffered physical harm and the causal connection between that harm and the alleged negligent conduct of the defendant. On that question, we find genuine issues of material fact. We note that the Connecticut courts have held that the harm a party sustains need not have reached its fullest manifestation before the statute begins to run. *Burns,* 192 Conn. at 460, 472 A.2d 1257. The record is not clear as to what plaintiff saw or experienced at the time of the accident and whether what he experienced should have put him on notice of his injury, or what transpired between the time of the accident and plaintiff's finally deciding that he needed to seek medical attention.

Therefore, finding genuine issues of material fact as to when the statute of limitations began to run, we must DENY defendant's Motion for Summary Judgment [**Doc. # 9**].

SO ORDERED.