[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Joanne Wilk, brings this action against the defendant, Sturbridge Resort Outdoor World, to recover for personal injuries allegedly sustained at a Massachusetts camping area on August 11, 1995.
On that date, the plaintiff had set up a "pop-up" camper at a CT Page 12614 facility in Sturbridge, Massachusetts, operated by the defendant.
She alleges that while descending the stairs of her camper, she tripped and fell over a tree root which protruded from the ground.
Suit was instituted by writ, summons, and complaint dated July 6, 1998, with a return date of August 11, 1998.
The plaintiff claims to have suffered an "osteochondral fracture right talus lateral aspect" as a result of the fall.
In this action, the defendant is alleged to have been negligent in one or more of the ways specified in paragraph 6 of the complaint.
The allegations, all of which are common law specifications of negligence, include failure to warn the plaintiff of the tree stump, failure to properly illuminate the area of the fall, failure to inspect the area, and failure to make the campground reasonably safe.
In response to the defendant's request for admissions, the plaintiff admits that she discovered her injury on August 11, 1995, the day of the fall.
In its answer dated May 17, 1999, the defendant claims, by way of special defense, that the plaintiff's claims are barred by the provisions of the applicable statute of limitations, §52-584 of the Connecticut General Statutes.
The defendant now moves for summary judgment claiming that the action is barred as a matter of law.
The plaintiff, in opposing the motion for summary judgment, argues that the three year Massachusetts statute of limitations should apply, rather than Connecticut's two year statute.
 STANDARD OF REVIEW
A trial court may appropriately render summary judgment when documentary and other evidence demonstrate that no genuine issue of material fact remains between the parties, and the moving party is entitled to a judgment as a matter of law. Bartha v.Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983); Daily v.CT Page 12615New Britain Machine Co., 200 Conn. 562, 568 (1986).
Connecticut Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
In deciding a motion for summary judgment, the trial court must view all of the evidence in the light most favorable to the nonmoving party. Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202 (1995). The burden is upon the moving party to show quite clearly what the law is and that it excludes any real doubt as to the existence of any genuine issue of material fact.Fogarty v. Rashaw, 193 Conn. 442, 445 (1984); Yanow v. TealIndustries. Inc., 178 Conn. 262, 268 (1979).
The test to be applied is whether the party seeking summary judgment would be entitled to a directed verdict. United Oil Co.v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969).
 THE PLAINTIFF'S ACTION IS TIME BARRED BY THE STATUTE OF LIMITATIONS
Section 52-584, the statute of limitations applicable to negligence actions, reads:
 No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first . . . discovered . . . except that no such action may be brought more than three years from the date of the act or omission complained of. . . .
Because the plaintiff's injury was both sustained and discovered on August 11, 1995, the repose provision of §52-584 is not applicable.
If the Connecticut statute of limitations applies, the defendant's motion for summary judgment must be granted.
A statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action, and does not create the right of action. Ecker v. West Hartford,205 Conn. 219, 231-32 (1987); Jones Destruction, Inc. v. Upjohn,
CT Page 12616161 Conn. 191, 195 (1971).
The established law of this state is that the statute of limitations is procedural, and therefore the law of the forum applies. Somohano v. Somohano, 29 Conn. App. 392, 393 (1992).
In Somohano, supra, all of the parties to a Florida motor vehicle accident were residents of Connecticut.
Suit was initiated in Connecticut after the two year Connecticut statute of limitations had expired, but before the expiration of Florida's four year statute.
The court granted the defendant's motion for summary judgment applying the Connecticut statute of limitations.
In this action, which involves claims of common law negligence, no claim can be made that the statute is substantive, because it involves a right which is created by statute, and did not exist at common law. Moore v. McNamara, 201 Conn. 16, 23
(1986); Orticelli v. Powers, 197 Conn. 9, 15 (1985).
Furthermore, no evidence has been presented to indicate that the defendant waived its right to assert the statute of limitations as a defense.
The defendant correctly notes that under the lex loci delicti
rule, substantive rights and obligations arising out of a tort controversy are determined by the law of the place of the injury.Gibson v. Fullin, 172 Conn. 407, 411 (1977); O'Connor v.O'Connor, 201 Conn. 632, 637 (1986).
The rule of lex loci delicti is not a per se rule, and Connecticut has incorporated the guidelines of the Restatement (Second) Conflict of Laws for those case in which lex locidelicti would produce an arbitrary or irrational result; O'Connorv. O'Connor, supra, 637.
However, because a statute of limitations is procedural, the law of the forum, in this case Connecticut, applies. Champagne v.Raybestos-Manhattan, Inc., 212 Conn. 509, 525 (1989).
Because the instant action was instituted more than two years after the date of the injury, August 11, 1995, it is time barred by the applicable statute of limitations; § 52-584. CT Page 12617
The defendant's motion for summary judgment is granted.
Radcliff, J.