**Andrea CHAPPETTA, Plaintiff,**

v.

**Israel SOTO, et al., Defendants.**

**Civil Action No. 3:05CV896(SRU).**

United States District Court,
D. Connecticut.

Sept. 22, 2006.

Harry Daniel Murphy, Maya & Associates, Westport, CT, for Plaintiff.

Brian Candela, Robert O. Hickey, Ryan, Ryan, Johnson & Deluca, Stamford, CT, Andrew S. Turret, Law Offices of Turret & Brennan, New Haven, CT, for Defendants.

## RULING ON MOTION FOR SUMMARY JUDGMENT

UNDERHILL, District Judge.

This action arises out of a motor vehicle accident between Andrea Chappetta and Israel Soto. Chappetta alleges that Soto, through his negligence and recklessness, caused the accident, and that Soto is liable for the personal injuries Chappetta sustained in the accident.[1] Chappetta timely filed her complaint in this court. Howev-

---

1. Chappetta has also sued Regal Entertainment Group and Regal Cinemas, Inc. for negligence and recklessness in maintaining the premises at Movieland, where the seat beneath her collapsed, causing her further injuries.

er, Chappetta did not serve Soto with process until after the statute of limitations expired. Instead, Chappetta mailed process and a waiver to Progressive Insurance ("Progressive"), Soto's insurance company. Soto now moves for summary judgment and argues that Cappetta failed to serve him properly within the statute of limitations.

Soto's motion raises two questions of law. First, does a plaintiff in a diversity jurisdiction case arising under Connecticut law satisfy the statute of limitations if she timely files her complaint but does not actually serve the defendant until after the statute of limitations expires? Second, does a plaintiff satisfy the requirements of Fed.R.Civ.P. 4 if she mails process and a waiver to a defendant's insurance company? I answer both questions in the negative. Accordingly, Soto's motion for summary judgment is granted.

## I. Summary Judgment Standard

Summary judgment is appropriate when the evidence demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To defeat summary judgment, the non-moving party must present significantly probative evidence demonstrating that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

A material fact concerns an essential element of the non-moving party's case, *id.* at 322–23, 106 S.Ct. 2548, and affects the outcome of a suit. *Anderson*, 477 U.S. at 247–48, 106 S.Ct. 2505. To present a genuine issue of material fact, there must be contradictory evidence "such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248, 106 S.Ct. 2505. The court construes the facts in the light most favorable to the non-moving party, and resolves all ambiguities and draws all reasonable inferences against the moving party. *Id.* at 255, 106 S.Ct. 2505.

## II. Factual Background

On June 8, 2003, Chappetta and Soto got into a motor vehicle accident in which Chappetta suffered personal injuries. Correspondence dated as early as February 2005 reveals that Soto was prepared to settle Chappetta's claims against him for $25,000, and that Soto's insurer, Progressive, had met with Chappetta's counsel to discuss the offer. *Murphy affidavit* ¶ 4. Chappetta's damages, however, substantially exceeded Soto's offer and the parties did not settle. *See id.*

On June 3, 2005, Chappetta filed a complaint in this court on the basis of diversity jurisdiction. On June 6, 2005, Chappetta mailed Progressive a waiver of service of process, a notice of lawsuit, a copy of the complaint, and a letter requesting that Progressive make arrangements to have Soto execute the waiver. At no point in time was Soto himself served with a request for waiver of service of process. *Soto Affidavit* ¶ 2. Chappetta actually served Soto with the summons and complaint on or after September 22, 2005, more than two years after the accident occurred.

## III. Discussion

A. *Was it Necessary for Chappetta to Serve Process on Soto Before the Statute of Limitations Expired if Chappetta had Timely Filed Her Complaint in Court?*

"It is well established that the doctrine enunciated in *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), applies to the manner in which a diversity action is considered commenced

for purposes of state statutes of limitations." *Converse v. General Motors Corp.,* 893 F.2d 513, 515 (2d Cir.1990). In *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), the Supreme Court held that:

> there can be not doubt that the suit was properly commenced in the federal court. But in the present case we look to local law to find the cause of action on which suit is brought. Since that cause of action is created by local law, the measure of it is to be found only in local law.... It accrues and comes to an end when local law so declares.

*Id.* at 533, 69 S.Ct. 1233. In *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), the Supreme Court reiterated that "in the absence of a federal rule directly on point, state service requirements which are an integral part of the state statute of limitations should control in an action based on state law which is filed in federal court under diversity jurisdiction." *Id.* at 752–53, 100 S.Ct. 1978. "Because Fed.R.Civ.P. 3 does not purport to displace state tolling rules for purposes of state statutes of limitations, state rules integral to the state statute of limitations govern in diversity actions." *Converse,* 893 F.2d at 515 (citing 2 Moore's Federal Practice para. 3.09[1], at 3–78 to 3–80 (1989)). In this case, because Chappetta invokes diversity jurisdiction under 28 U.S.C. § 1332, Connecticut law governs service requirements.

■ "Connecticut ... follows the actual service rule under which an action is commenced only upon actual service on the defendant." *Palacio v. Munies,* 1999 WL 608818, *2, 1999 U.S. Dist. LEXIS 12393, *6 (D.Conn.1999). "[T]he Connecticut Supreme Court has long adhered to the rule that only actual service upon the defendant will satisfy the state statutes of limitations." *Converse,* 893 F.2d at 515. Therefore, in this case, Connecticut law required

Chappetta to actually serve Soto before the statute of limitations expired.

■ "Under Connecticut law, statutes of limitations are considered procedural and thus Connecticut's own statutes of limitations will usually govern claims asserted in federal diversity cases in Connecticut." *Slekis v. AMTRAK,* 56 F.Supp.2d 202, 204 (D.Conn.1999). Section 52–584 of the Connecticut General Statutes states: "No action to recover damages for injury to the person ... caused by negligence, or by reckless or wanton misconduct ... shall be brought but within two years from the date when the injury is first sustained or discovered...." *Id.* In this case Chappetta actually served Soto on or after September 22, 2005, more than two years after the accident occurred. Therefore, Chappetta did not meet the statute of limitations.

**B. *Did Chappetta Satisfy the Service Requirements in Fed.R.Civ.P. 4 When She Mailed the Complaint and Waiver of Service to Progressive Before the Statute of Limitations Expired?***

■ Chappetta argues that she satisfied the service requirement by mailing the summons and complaint along with a waiver of service to Progressive before expiration of the two-year limitations period. Fed.R.Civ.P. 4(e)(2) provides that:

> service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected ... by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

*Id.* By mailing process to Progressive and not to Soto, Chappetta failed to satisfy Fed.R.Civ.P. 4 for at least three reasons. First, Rule 4(e)(2) requires a plaintiff to serve process on the individual defendant or an authorized agent. In this case, however, Chappetta mailed process to Progressive. Progressive is neither the defendant in this case, nor an authorized agent. Second, even if Progressive was designated by law to receive Soto's process, Rule 4(e)(2) requires the plaintiff to personally deliver process to the agent. In this case, however, Chappetta mailed process to Progressive. Finally, although Rule 4(d)(2) imposes upon the defendant a duty to waive service, sending a waiver through the mail in lieu of actual service does not satisfy Rule 4 unless the defendant actually executes the waiver. In this case, however, Soto did not even receive, much less execute, the waiver.

Chappetta's other arguments are unavailing. First, Chappetta contends that this action is not time barred because Soto had notice of the claim through his insurer before the statute of limitations expired, and thus plaintiff complied with the "spirit" of Rule 4. Although one purpose of requiring in-hand service is to provide the defendant with notice, notice alone is not sufficient to satisfy Rule 4 or the statute of limitations. Indeed, if this court were to adopt Chappetta's interpretation, then Connecticut's rule that a plaintiff must actually serve the defendant to commence a lawsuit would be meaningless.

Second, Chappetta argues that Connecticut's savings statute would allow her to re-file this action, and that judicial economy dictates that this court should hear this claim. The savings statute, Conn. Gen.Stat. § 52–592, provides that:

> If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service ... the plaintiff ... may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.

*Id.* Chappetta cites *Rocco v. Garrison,* 268 Conn. 541, 848 A.2d 352 (2004), for the proposition that an action is " 'commenced' within the meaning of the savings statute when the defendant received effective notice of that action" within the statute of limitations. *Id.* at 551, 848 A.2d 352. The notice that the *Rocco* Court held sufficient to satisfy the savings statute consisted of a certified mailing to the defendant of the summons, complaint and notice of the action—notice that the Supreme Court stated "for all practical purposes also satisfied the requirements of state law pertaining to formal service of process." *Id.* at 553, 848 A.2d 352. There is no evidence in the present record whether or not the defendant in this case received actual notice of the lawsuit, as opposed to notice of the general claim, before the statute of limitations expired. Accordingly, the record is insufficient to permit me to decide whether the savings statute applies under the circumstances of this case; that issue, which is not raised by the pleadings in this case, is properly decided if and when the plaintiff seeks to re-file the complaint.

Because Chappetta failed to comply with the service the service requirements set forth in Rule 4 within the two-year statute of limitations, her claim is time barred.

## IV. Conclusion

Soto's motion for summary judgment (doc. # 19) is GRANTED.

It is so ordered.